J. G. STEPHENS, plaintiff in error, *us.* A. W. TUCKER, administrator, defendant in error.

1. A mortgage executed in May, 1873, of six bales of cotton, growing and being grown and produced on a plantation in Lee county, known as the Jesse Tucker plantation, and cultivated by the mortgagor, said bales to average five hundred pounds each, to be covered with bagging and bound with iron ties, and "to be delivered in good order and condition at the warehouse of Welch, Bacon & Cook, in Albany, Georgia, on or before the 15th of October next," is sufficiently specific in the description of the particular bales mortgaged.

2. If it be proved to the satisfaction of the jury, that six bales of the crop of cotton so grown, ginned and packed, were delivered at said warehouse, the cotton will be sufficiently identified as that described in the mortgage, and will be subject to execution issued thereon.

3. Such an instrument, properly executed and recorded, to secure the payment of a promissory note given for advances to make the crop, is a valid mortgage, and may be foreclosed under section 3371 of the Code, and it is error in the court to dismiss the levy thereon, because "the affidavit of foreclosure is not made in compliance with the statute on foreclosure of liens."

4. A mortgage may be of part of a growing crop, if the part mortgaged be so described as to be identified by parol evidence, and whether so identified or not, is a question for the jury under the proof.

Morgage. Lien. Factors. Crops. Before Judge CLARK. Lee Superior Court. March Term, 1875.

Reported in the opinion.

THOMAS R. LYON, by R. F. LYON, for plaintiff in error.

D. H. POPE, by JACKSON & CLARKE, for defendant.

JACKSON, Judge.

In May, 1873, Bostick mortgaged "six bales of cotton now growing and being grown and produced on the plantation in Lee county, cultivated by (himself) myself, and known as the Jesse Tucker plantation, to produce said six bales of cotton said advances," (meaning thereby the consideration for which the note was given,) "will be used and applied; said six bales of cotton are to average five hundred pounds each, to be well

and fully covered with bagging and securely bound with iron ties, to be delivered in good order and condition at the warehouse of Welch, Bacon & Cook, in Albany, Georgia, on or before the 15th of October next." The mortgage was foreclosed under section 3971 of the Code, and execution issued thereon, and was levied upon eight bales of cotton, in two levies. Tucker interposed his claim to the cotton as administrator of Jesse Tucker, and on the trial of the claim case, the court dismissed the levies "on the ground that the affidavit of foreclosure is not made in compliance with the statute on foreclosures of liens," and the dismissal of the levies is the error complained of.

No particular form is necessary in Georgia to make a mortgage: Code, sec. 1955. In form, therefore, this lien is a mortgage. But the Code of Georgia goes further and declares that "it may embrace all property in possession, or to which the mortgagor has the right of possession at the time:" Code, sec. 1954. This mortgagor had the possession and the right of possession to his growing crops, and these six bales were to be part of it. A mortgage may embrace a growing crop, the seed being sown and the crop growing: Butt *vs.* Ellett, 19 Wallace, 545 ; 23 Howard, 117 ; 2 Hilliard on Mortgages, 196, *et seq.* But our Code goes yet further, and declares that the mortgage "must specify the debt to secure which it is given, and the property upon which it is to take effect:" Code, section 1955. This paper specifies the debt to secure which it is given, but does it specify *the cotton upon which* it is to take effect? It is cotton made in 1873 on a certain plantation in the county of Lee; it is six bales of that cotton to weigh so much, and to be packed in a certain way ; but which six bales is it? The first six gathered and ginned and packed, or another six? The levies are upon eight; which six of the eight levied upon are embraced in this mortgage, and may be, therefore, levied upon by this mortgage execution? If these six bales of cotton be so certainly specified and described in this mortgage that they can be ascertained by parol evidence—*identified by testimony as the property mortgaged*—then it would seem

Stephens *vs.* Tucker.

from the authorities that the description is sufficiently specific, and the mortgage is valid: See 2d Hilliard on Mortgages, 194, and numerous cases to the point there cited. Now there are six bales to be covered with bagging and secured with iron ties, and to average five hundred pounds, *and to be delivered in good order and condition at the warehouse of Welch, Bacon & Cook, in Albany, Georgia,* on or before the 15th of October next, after the date of the mortgage. The mortgagor agrees to deliver this cotton at that place. It may be that he did so, that he fulfilled his covenant, and that six of these bales levied upon were delivered there. If so, they are the six bales mortgaged, and can be sufficiently identified. Whether this be so or not, it is for the evidence to determine. The mortgagee has the right to show it if he can. The court dismissed the levies without allowing him the opportunity of making this proof to the jury. Probably he cannot make it; probably the mortgagor did not carry out his covenant, and these six bales never can be identified so as to be severed from the balance of the crop made on that plantation; but it is possible that he can show the fact that the mortgagor did sever these six bales, and deliver them at the warehouse of Welch, Bacon & Cook according to promise. The mortgagee ought to have the opportunity to show it. The court denied him this opportunity by dismissing the levies, and we think the court erred. The court seems to have put its decision on the ground that the instrument is a crop lien and not a mortgage. We think it a mortgage and properly foreclosed: Code, sections 1955, 3971.

Let the judgment be reversed.