J. G. STEPHENS, plaintiff in error, *vs.* A. W. TUCKER, defendant in error.

The principle ruled in this case in 55 *Ga.*, 543, covers the error complained of in this bill of exceptions.   The circuit court, in the charge to the jury, enforced that principle.

Mortgages.   Levy and Sale.   Before Judge CLARK.   Lee Superior Court.   November Term, 1876.

Report unnecessary.

THOMAS R. LYON, by R. F. LYON, for plaintiff in error.

D. H. POPE, by R. N. ELY, for defendant.

JACKSON, Judge.

This case was here before.   It will be found reported in 55 *Ga.* 543.   There we held that the instrument foreclosed was a mortgage, and as a mortgage, that it was properly foreclosed; and we reversed the court below because the levy was dismissed on the ground that the paper was not a mortgage.   It was a mortgage upon six bales of a growing crop, to be packed and hooped in a certain way, and delivered at a certain place.   We held that if any six certain bales could be identified by parol evidence as the six mortgaged, that the description would do.   The cotton was *in posse*, not *in esse;* it was growing, and we went far enough, we think, under our Code, section 1955, to hold that part of a crop to be yet grown and gathered and packed, could be mortgaged at all.   The property must be "specified on which the mortgage is to take effect."   This mortgage only specified the six bales as six to be packed and hooped and delivered in a certain way, and at a certain place, and this description—this *specific* description—alone saved this mortgage when the case was here before.   Well, the circuit court, when it went back, simply charged the jury that the cotton levied on must answer this specific description.   We think that the charge was exactly right.

Judgment affirmed.