C. A. REDD & COMPANY, plaintiffs in error, *vs.* BURRUS & WILLIAMS, defendants in error.

1. There can be no valid sale or mortgage of a portion of a crop not planted; therefore, an obligation dated the 25th of December, 1874, to deliver certain cotton of the next year's crop—the crop of 1875—passed no title to the obligee.

2. Delivery to the carrier is delivery to the consignees, but not to a third party to whom the cotton was not consigned; and though its proceeds were intended to be applied to such third party, and he was to sell the cotton and pay a note due to him, yet, if the cotton be at-

tached before delivery to the third party, and while in possession of the consignees, who are the factors and commission merchants of the consignor, the title is still in the consignor, subject only to the commissions and claims of such factors, and the attaching creditor of the consignor will subject the cotton to his judgment debt in preference to the claim of such third party.

Mortgage. Title. Attachment. Factors. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1876.

Reported in the opinion.

JOHNSON & INGRAM, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

JACKSON, Judge.

Burrus & Williams sued out an attachment against Wilcoxon, which was served by garnishment on Swift, Murphy & Co. Swift, Murphy & Co. answered the garnishment, and stated that they received from Wilcoxon five bales of cotton marked "S. J. W.," the initials of Wilcoxon. The cotton was received on the 5th of November, 1875, the same day that they were garnished. No instructions accompanied it; from the marks upon it, they supposed it belonged to Wilcoxon, and never heard the contrary until after they were served with the summons of garnishment, say about the 7th of November, 1875. Redd & Co. traversed this answer of Swift, Murphy & Co., and claimed that three bales of this cotton belonged to them.

The issue joined upon this traverse was tried before a jury. The plaintiffs put in evidence the attachment with the entry of service, the answer of Swift, Murphy & Co., and a judgment against Wilcoxon; and they proved the truth of the answer by Murphy, one of the firm. The claimants read in evidence, a note made by Wilcoxon, dated December 25th, 1874, for $250.00, and payable to Redd & Co., by the

1st of November, 1875 ; also, an obligation, of the same date with the note, to deliver to Redd & Co. cotton enough to pay this note out of the first cotton ginned by him of the crop of the next year, 1875 ; also, a letter, dated 5th of November, 1875, at Huntsville, Ala., from Wilcoxon to Redd & Co., in which he said, "I ship three bales of cotton for you to Swift, Murphy & Co., marked S. J. W. ; sell when you think best, and credit my note with the amount ;" also, the railroad receipt, dated 4th of November, 1875—"received from S. J. Wilcoxon, five bales of cotton, in good order, consigned to Swift, Murphy & Co., marked S. J. W." Claimants also proved that the note was given for supplies for 1874, and that the obligation was given to furnish the cotton to pay the note.

On these facts the jury found a verdict in favor of Redd & Co. The court granted a new trial. Redd & Co. excepted, and brought the case here.

The question is, was the title to this cotton in Wilcoxon, the consignor, at the time of the service of garnishment, or was it in Redd & Co ?

1. It is clear that Redd & Co. got no title by the obligation made in 1874, to deliver them cotton out of a crop to be made in 1875. The law is well settled, that there can be no sale or mortgage of a crop until it is planted. In December, 1874, the crop which matured in the fall of 1875, was not planted, and there could be no sale of it, or any part of it—55 *Ga.*, 543.

2. Did they acquire title by the delivery of the cotton to the carrier at Huntsville, Ala ? We think not. It was not consigned to them ; it was consigned to Swift, Murphy & Co., the consignor's factors, and the title, subject only to the lien of these factors, remained in Wilcoxon, the consignor. If the cotton had been lost on the route from Huntsville to Columbus, the loss would have been Wilcoxon's, and not Redd & Co.'s ; therefore, the cotton remained his property until delivered by the warehousemen to Redd & Co. But, before its delivery, it was seized by

attachment served by a garnishment on Swift, Murphy & Co., which attachment issued upon a judgment against Wilcoxon, which bound all his property. When attached, it was, therefore, Wilcoxon's property, and liable to pay Burrus & Williams' judgment, to pay which it was attached. We think, therefore, that the court was right in granting the new trial, and the judgment is affirmed.