CHARLES C. HARDWICK, plaintiff in error, *vs.* JESSE M. BURTZ, defendant in error.

The special lien for fertilizers, under section 1978 of the Code, may be created before the crop is planted; the general rule in respect to sales or mortgages of crops does not apply to such special lien.

Lien.　Fertilizers.　Before Judge WRIGHT.　Mitchell Superior Court.　May Term, 1877.

Hardwick foreclosed against Burtz a lien for fertilizers, and had the execution based thereon levied upon certain cotton as the property of the defendant. The latter filed an affidavit that the article sold was worthless. The lien was dated May 10th, 1873, and covered the crops for that year, and every subsequent year until payment was made.

The evidence showed that the fertilizer was placed in the ground as other farmers apply it; that some was rolled with the cotton seed, and some drilled; that the cotton was not planted until some time in April.

The court charged the jury, amongst other things, as follows: "Before a lien can be available to a party, it must be made upon something in existence. A lien given upon cotton before it is planted is worthless, and so a lien given upon a crop. The plaintiff must identify the crop upon which the levy was made. He could not seize any property unless the lien covered it, and you must be satisfied that this is the cotton levied on, and that it was planted before the lien was given."

The jury found for the defendant. The plaintiff moved for a new trial because of error in the aforesaid charge. It was refused, and he excepted.

DAVIS & LYON, by brief, for plaintiff in error.

W. C. MCCALL, by brief, for defendant.

JACKSON, Judge.

The only question made in this case, is whether the special lien for fertilizers, created by §1978 of the Code, is subject to the rule that a sale or mortgage cannot be made of an unplanted crop. We think not; because it is necessary to fertilize before the crop is planted, and the statute would be robbed of all its beneficial results if so construed.

Judgment reversed.