HUNTINGTON vs. CHISHOLM.

1. Of a crop not planted no complete sale can be made.
2. If the crop was planted, and the contract of sale made in the spring, of fifteen hundred pounds of cotton out of such crop, and the same did not embrace the whole crop, or any particular part thereof—such as the part first gathered, etc., then there was no sufficient identification to pass title as against a *bona fide* purchaser, to whom one bale of the cotton was sold and delivered by the same vendor.
3. Homestead papers are admissible for the purpose of showing any admissions made therein against the interest of the person who prepared them.

Vendor and purchaser. Sales. Contracts. Evidence. Before Judge UNDERWOOD. Polk Superior Court. February Term, 1878.

To the report contained in the opinion it is only necessary to add, that defendant tendered in evidence proceedings drawn by plaintiff as attorney for the common vendor, to take a homestead including the cotton now in controversy, filed after the alleged sale to him. This evidence was rejected by the court, and this is one of the errors com-

plained of. The sale forming the basis of controversy was generally of one bale of cotton.

Ivy F. Thompson; Blance & King, by E. N. Broyles, for plaintiff in error, cited (on validity of sale) 55 *Ga.*, 586; 58 *Ib.*, 574; Code, §1950; 6 *Ga.*, 554, 562, 563; 20 *Ib.*, 578; 30 *Ib.*, 637; 25 *Ib.*, 215; 58 *Ib.*, 63; Code, §1593.

No appearance for defendant.

Jackson, Justice.

Chisholm sued Huntington for fifteen hundred pounds of cotton, raised by the vendor, another Chisholm, upon his land. The contract of sale to Chisholm was made some time early in the year, and it is uncertain whether the cotton was planted; no particular part of the crop was sold, such as the first 1,500 pounds gathered from the cotton in a certain field, or otherwise, so as to be identified, and a homestead exemption by which this cotton was set apart to the vendor, prepared by the purchaser, Chisholm, long after the alleged purchase by him, was rejected by the court. Huntington afterwards bought the cotton, and it was delivered to him. The court charged that the oldest title would take, and the jury, of course, found for Chisholm; and Huntington complains of the charge and the verdict, and the refusal of the court to grant a new trial.

1. There can be no sale of an unplanted crop, or any part thereof. 55 *Ga.*, 543, 586.

2. The thing sold must be so separated from the mass or described as to be capable of identification. 51 *Ga.*, 553; 55 *Ga.*, 543.

3. The plaintiff long after the alleged sale to him prepared exemption papers for the vendor, in which the title to the cotton was alleged to be still in his vendor. It was an admission against the validity of his purchase, and ought to have gone to the jury for what it was worth.

For these reasons we reverse the judgment, and order a new trial.

Judgment reversed.