## CRINE *vs.* TIFTS & COMPANY.

1. A levy on "all the crops on the Ball place" was sufficiently specific to prevent its dismissal; especially at the instance of one who had interposed a claim to the property so levied on.

2. Three mortgages were executed, one in April and two in May, 1879. The description of the mortgaged property in each was as follows: "As an advance on my crops of cotton, corn, oats, etc., growing and to be grown in the year 1879, the same being now planted, to enable me to make my said crops, and I do hereby give them a mortgage on all my said crops; to take effect as soon as my

crops are planted." It appears that all of the crops levied on were planted when the mortgages were executed, except possibly a little cotton:

*Held*, that the court was right in refusing to dismiss the levy thereunder, because the description was too vague, uncertain, and contradictory.

3. The presiding judge need not give in charge a principle of law which the evidence does not require.

4. The verdict is not contrary to law or the evidence.

Levy and sale. Mortgage. Charge of Court. New Trial. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1880.

Reported in the decision.

JESSE W. WALTERS; D. A. VASON, for plaintiff in error.

D. H. POPE, for defendants.

JACKSON, Chief Justice.

Tift & Company levied a mortgage *fi. fa.* upon certain stock "and all the crops on the Ball place" as the property of defendant. The property levied on was claimed by Crine, and on the issue whether subject to the mortgage or not, the cause went to the jury; the jury found it subject, a motion was made for a new trial which was overruled, and claimant excepted.

1. Was the levy sufficient? It was on "all the crops on the Ball place," so far as the objection applies, the levy on the stock having been dismissed pending the trial. We think it sufficient, especially as the claimant interposed his claim thereto, and thus claimed all the crops, and must have known what it was. The court was then right not to dismiss the levy. 54 *Ga.*, 296.

2. Claimant then moved to quash the *fi. fa.* and dismiss the levy, because the description in the mortgages was

"too vague, uncertain and contradictory," that descrip-
tion being in these words, "as an advance on my crops
of cotton, corn, oats, etc., growing and to be grown in the
year 1879, the same being now planted, to enable me to
make my said crops, and I do hereby give them a mort-
gage on all my said crops, to take effect as soon as my
said crops are planted." There were three Tift mortgages
in evidence and these words are in all of them. The pur-
pose was to create a lien by mortgage on all crops already
growing or to be grown, and on that to be grown to fix
the lien when planted. It is a little confused, but such is
the meaning, and the description is sufficient, as it covers
*all* the crops of that year. The crops levied on must
have been all planted, as the earliest mortgage is dated
the nineteenth day of April, and the other two in May.
From the evidence, it is barely possible that a little
cotton was planted afterwards. Certainly the execution
should not have been quashed and the levy dismissed on
this ground.

3. The evidence hardly required the court to charge
that if some of the crop was not planted, it could not be
*mortgaged.* As a general rule such is the law, as decided
by this court. 55 *Ga.*, 543 ; 58 *Ga.*, 574. It is well set
tled as to sales. 55 *Ga.*, 586; 61 *Ga.*, 270. But a lien for
fertilizers on a crop before planted is good. 59 *Ga.*, 773.
And the same reasoning might possibly apply to some of
these advances of the Messrs. Tift, as the reason is that
the fertilizers are applied before the crop is planted.
But in this case there is not proof enough to require the
charge, or a new trial for its refusal.

4. The question, therefore, is narrowed to this, was the
title to this crop levied on and claimed, in the defendant in
execution or in the claimant, at the date of the Tift mort-
gages? Those mortgages are dated in April and May, 1879,
and in the preceding December the defendant executed
a bill of sale to the stock, the levy on which was dis-
missed, and also in that bill of sale used these words in

respect to this crop of 1879 : "And whatever amounts may be left unpaid after the credits of the said property, is to be settled by note secured by lien on my crops of next year." The consideration is past indebtedness, and no valid lien could be made in December, 1878, upon an un- planted crop of 1879, to secure such past indebtedness under the decisions above cited. An effort was made, however, to do so, but after full knowledge on the part of the claimant of the Tift mortgages, as found by the jury. The paper, however, which was executed to carry out the 1878 stipulation, is not in evidence, but all about it rests in parol. It was, however, admitted to be junior to the mortgages of Tift & Co., and to have been a mortgage. If so, it conveyed no title ; and if the lien it attempted to create could be set up in a claim case, it would be of no avail, because Crine had it executed with full knowl- edge of the Tift mortgages, and although these mortgages were attested by no witness, they were good against a junior mortgage with notice. 51 *Ga.*, 268. There it was held so in the case of a mortgage on realty with but one witness, and a mortgage on personalty with no witness is in no worse condition. Code, §§1955, 1957. Besides, there was an attempt made to antedate this lien or it was antedated, and then not introduced in evidence, which looks fraudulent. On the whole, the verdict is right, and the judgment is affirmed.

Judgment affirmed.