8484

BROWN v. HUGHES.          .

CHATTEL MORTGAGE—COTTON.—"One 500-pound bale of cotton to be grown in the year 1911 on lands of H. in Oconee county adjoining lands of A. and others where I now live," is not void for want of certainty in a chattel mortgage as against a junior mortgage.

Before MEMMINGER, J., Oconee, March term, 1912. Affirmed.

Action by William M. Brown against W. R. Hughes and R. L. Nimmons in court of magistrate A. P. Crisp. Defendants appeal.

*Messrs. Shelor & Hughes,* for appellants, cite: 75 S. C. 229; 48 S. C. 407; 51 S. C. 43; 85 S. C. 347; 6 Cyc. 1022, 1025; 21 Ann. Cas. 1026.

*Mr. E. S. Herndon,* contra.    Oral argument.

March 25, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WATTS.    This is an action for the foreclosure of a chattel mortgage by claim and delivery, commenced in the court of magistrate A. P. Crisp, by service of summons, complaint, affidavit, etc., on the 7th day of December, 1911, and heard before the magistrate on the 30th day of January, 1912.

The magistrate gave judgment in favor of plaintiff against the defendants, and from the judgment of the magistrate the defendants appealed to the Circuit Court, and the appeal was heard by his Honor, Judge Memminger, who, on March 16, 1912, affirmed the judgment and dismissed the appeal.

From this judgment the defendant, R. L. Nimmons, appealed to this Court and by his exceptions,, twelve in number, imputes error to the Circuit Judge.    These exceptions, however, raise but one question.    Is the description contained in the chattel mortgage of the plaintiff sufficient?    This description is as follows: "One 500-pound bale of cotton to be grown in the year 1911 on lands of Dr. John Hopkins, in Oconee county, adjoining lands of Will Alexander and others, where I now live."    The quantity is certain, the year

in which it is to be grown is certain, and the land on which it was grown is certain.   With the evidence before him the magistrate found for the plaintiff and this finding was concurred in by the Circuit Judge.   This Court has repeatedly held that it will not disturb a finding of fact by a magistrate, concurred in by a Circuit Judge, if there is any testimony to sustain that finding.   *State* v. *Powell,* 91 S. C. 5, 73 S. E. 1017; *Matthews* v. *Industrial Lum. Co.,* 91 S. C. 568, 75 S. E. 171.

There is such testimony here.   Plaintiff had the oldest mortgage over Hughes' crop.   It was duly recorded on February 7, 1911, and was prior in date to that of Nimmons' two mortgages.   Respondent's mortgage became due November 1, 1911, and after it was due he had his agent take the mortgage and demand the cotton and that was before it was delivered to Nimmons.   There is no doubt but that the cotton delivered to Nimmons was part of the cotton raised by Hughes on the Hopkins place and covered by the mortgage of Brown.   It was held in *Bingham* v. *Harby,* 91 S. C. 121, 74 S. E. 369, in an opinion by Chief Justice Gary: "Where plaintiff held a prior mortgage on certain cotton to secure a debt of the grower, which mortgage was properly recorded, the subsequent holder of a second crop mortgage was charged with notice of plaintiff's rights under the prior mortgage, and was liable in conversion for the seizure and sale of the cotton covered thereby, though he had no actual knowledge of the existence of plaintiff's prior lien.   While a prior chattel mortgage was entitled to follow the mortgaged property into the hands of a purchaser under a sale by the junior mortgagee, the sale being insufficient to divest the prior mortgagee's title, he was not bound to pursue such remedy."   Exception overruled.

Judgment affirmed.

MR. JUSTICE WOODS, *concurring.*   The question whether a mortgage which describes the property as "one 500-pound

bale of cotton to be grown in the year 1911 on lands of Dr. John Hopkins, in Oconee county, adjoining lands of Will Alexander and others, where I now live," is void for uncertainty in the description is one not free from difficulty. The tendency is to relax the strict rules on the subject, and the weight of authority is to the effect that such a mortgage describing the land and the proportion or quantity of a crop of a certain year gives the mortgagee a lien on the crop to the extent of the quantity of cotton called for. *Phoenix Furniture Co.* v. *Jaudon,* 75 S. C. 229, 6 Cyc. 1033-1034; *Watson* v. *Pugh,* 51 Ark. 218, 10 S. W. 493; *Senter* v. *Mitchell,* 16 Fed. 206; *Stephens* v. *Tucker,* 55 Ga. 543; *Stephens* v. *Tucker,* 58 Ga. 391.