### 5066.  CLARK *v.* GEORGIA FERTILIZER WORKS.

RUSSELL, C. J. The description in the mortgage fi. fa. did not follow the mortgage, nor did the levy follow the fi. fa. It appears, from the evidence, that in the militia district in which the mortgaged crops were located the mortgagor had two farms. There was no parol evidence locating the property described in the mortgage as "Clark's place," nor any testimony identifying the property described in the levy with that which had been mortgaged. Consequently the court erred in overruling the motion for a new trial.          *Judgment reversed.*

DECIDED NOVEMBER 25, 1913.

Foreclosure of mortgage; from city court of Dublin—Judge Hicks. May 13, 1913.

The mortgaged property was described in the mortgage as the crops of all kinds growing and to be grown and raised during the year 1911 on "the plantation of A. L. Clark known as Clark's place, 1368 district, G. M., Laurens county, Georgia," including cotton, cottonseed, corn, fodder, peas, cane and hay. The fi. fa. was issued and levied in November of that year, and the property described in it was the crop of all kinds growing and to be grown on "the plantation of the said A. L. Clark," including cotton, cottonseed, corn, fodder; peas, cane, and hay, etc. The entry of levy stated that the levy was on "35 acres cotton, more or less, in the field, being about 5 bales; 175 bushels corn, more or less, in the crib; levied on as the property of A. L. Clark and in his possession." One of the grounds of the defendant's affidavit of illegality was that "the paper purporting to be a mortgage is not a mortgage, for the reason that there is no intention of the parties to take a mortgage, and the

description is insufficient to create any lien." On the trial it was testified that "A. L. Clark lives in 1368 district of Laurens county and has a farm in said district." "The property [on which the levy was made] was found on the farm where A. L. Clark lived. . . He had two places in the same district, and they were about two miles apart." On the trial the court admitted in evidence the mortgage fi. fa. and the levy, over the objection of the defendant that there was no sufficient description of the property therein, and that the description in the fi. fa. did not follow the mortgage. The verdict was against the defendant. In his motion for a new trial, the overruling of which is assigned as error, he alleges that the court erred in admitting in evidence the mortgage fi. fa. and the levy, over the objection stated above.

Citations by counsel: *Broach* v. *O'Neal,* 94 *Ga.* 475; *Stephens* v. *Tucker,* 55 *Ga.* 543; *Krine* v. *Tifts,* 65 *Ga.* 644.

*Davis & Sturgis,* for plaintiff in error

*Evans & Barrett,* contra.