JOHN L. BEVERIDGE *et al.*

*v.*

LUTHER H. RAWSON.

1. EXEMPLARY DAMAGES—*in an action for seizing and selling the property of one person upon an execution against another.* Where the property of one person is seized upon an execution against another, and sold, and the proceeds applied upon the debt, in an action of trespass *de bonis asportatis* by the owner of the property against the officer and plaintiff in the execution, in the absence of malice or abuse of process, or a desire to do injury, the damages should be compensatory only.

2. SAME—*what is evidence of malice in such case.* The mere fact that the property was taken against the repeated remonstrances of the owner, and his warning to the defendants that the property belonged to him, would not, of itself, show that the seizure and sale were malicious, and to instruct a jury that the existence of such fact is sufficient to authorize the finding of exemplary damages, would be erroneous.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. M. W. ROBINSON, for the appellants.

Messrs. JENKS & BRADLEY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass *de bonis asportatis,* brought to the superior court of Chicago by Luther H. Rawson against John L. Beveridge, the sheriff of Cook county, and the plaintiff in execution, who had executed to the sheriff an indemnifying bond, and such proceedings were there had as to result in a verdict and judgment for the plaintiff.

It appears the execution and judgment were against one George S. Gilbert and one Hobart, the plaintiff in this suit claiming to be the owner of the property. The property was seized and sold as the property of Gilbert, against the remonstrances of the plaintiff, and was sold at public sale by the sheriff and the amount appropriated on the execution.

The amount it fetched at the sale was one hundred and sixty-eight dollars and forty-eight cents, and it was found to have been worth, as arranged in the saloon from which it was taken, somewhere about five hundred dollars. The verdict was for twelve hundred and thirty-six dollars and seventy-two cents.

Appellants complain that the jury must have been influenced to this verdict by this instruction given for the plaintiff, and excepted to:

"If the jury find for the plaintiff, and also believe from the evidence that the defendants were repeatedly and positively warned that the property taken by them was the property of the plaintiff, then the plaintiff is entitled to exemplary damages, and the jury are the judges of the amount to be so given."

The objection to this instruction is quite obvious.

The sheriff was required to obey the mandate of the writ, and if property is seized upon, which is pointed out by the plaintiff in the execution as the property of the execution debtor, and the sheriff levied, carried away and sold the property, against the remonstrances of the claimant, such circumstances could not, of themselves, show that the seizure and sale were malicious, and it is only in cases where it shall appear the officer has acted in an aggravated manner, indicating malice, or a desire to injure, that vindictive or punitive damages can be given. This instruction assumes that the levy was malicious, and caused, doubtless, the large verdict.

Here, the plaintiffs in the execution were acting in pursuance of what they conceived was a just claim upon this property, and were enforcing it by legal process. They caused a levy to be made on property claimed by another, without abusing or perverting the real object of the process. If, after a due course of legal investigation, the right is discovered not to be well founded, and this very frequently happens, it would be a harsh rule, indeed, that should subject the parties to vindictive damages. In the absence of malice, or abuse of process, or a desire to do injury, damages should be compensatory only. *Covard* v. *Pac. Ins. Co.*, 6 Peters, 262. It was error to give this instruction, and for this error the judgment must be reversed and the cause remanded.

Viewing the verdict in the light of the evidence, it would appear that more than one half of the damages were punitive.

*Judgment reversed.*