## SOUTHERN RAILWAY COMPANY *v.* O'BRYAN.

1. To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. Under the facts disclosed by the record, it was error to charge upon the subject of such damages.
2. The court should not charge upon the subject of the impeachment of witnesses by proof of general bad character when the evidence discloses that no attempt was made by either party to thus impeach a witness.

3. It is not error to charge that positive testimony is rather to be believed than negative, with the qualification that "other things are equal and the witnesses are of equal credibility."

4. After instructing the jury that if they believe the plaintiff has sustained permanent injuries, they may use the mortality tables to aid in ascertaining his probable length of life, the court should inform the jury how to estimate the damage after ascertaining the expectancy of the plaintiff. But if general instructions are given on the subject of the ascertainment of damages, more specific instructions on the subject, if desired, should be duly requested.

5. This being the third trial of this case, and the third successive verdict in favor of the plaintiff, direction is given that on another trial her right to a recovery be not open to question, and that the court submit to the jury the sole question as to what shall be the amount of such recovery.

Argued November 18, — Decided December 10, 1903.

Action for damages. Before Judge Reece. City court of Floyd county. January 9, 1903.

*Shumate & Maddox* and *Harris & Harris,* for plaintiff.
*McHenry & Maddox* and *Fouché & Fouché,* contra.

COBB, J. This is the third appearance here of this controversy, and the third verdict for the plaintiff. Twice before the judgment overruling a motion for a new trial, filed by the defendant, has been reversed. See 112 *Ga.* 127; 115 *Ga.* 659. The suit is for damages claimed to have resulted from the plaintiff's having been carried beyond her station, from indecent and insulting conduct on the part of drunken soldiers who were passengers on the train, and from exposure upon the platform of the car for several minutes on a very cold night, the plaintiff having been carried to the platform by the conductor to await the approach of a train from the opposite direction which would carry her back to the station at which she desired to alight. The verdict on the last trial was for $1,000, and the defendant's motion was again overruled.

1. Complaint is made in the motion that the court charged the jury that they might find punitive damages for the plaintiff, the assignment of error being that the evidence did not warrant such an instruction. The code provides that "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." Civil Code, § 3906. Mere negligence can never amount to such aggravating circumstances as to warrant the imposition of such damages; and this is

true though the negligence be gross.    This was ruled in *Chatta-nooga Railroad Co.* v. *Liddell*, 85 *Ga.* 482, 495, a leading case on the subject.    The authorities approved in that case show the rule to be, that, to justify the imposition of exemplary damages, " there must have been some wilful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences; " and that " there must be evidence either of malice, fraud, wantonness, or oppression."    See also, in this connection, *Jacobus* v. *Congregation of the Children of Israel*, 107 *Ga.* 518; *Wright* v. *Hollywood Cemetery Corporation*, 112 *Ga.* 884 (5), 891; *Georgia Railroad Co.* v. *Gardner*, 115 *Ga.* 954 (1).

There was nothing shown by the evidence in the present case which warranted the imposition of punitive damages.    The negligent act of the company in carrying the plaintiff beyond her station was not sufficient.    *Southern Railway Co.* v. *Harden*, 101 *Ga.* 263; *Southern Railway Co.* v. *Bryant*, 105 *Ga.* 316.    It is doubtful if the evidence warranted a finding that the conductor knew of the improper conduct of the soldiers.    But granting that he did, one of the plaintiff's witnesses testified that " the conductor did all he could with them ; he couldn't do anything with them."    So far as appears, the plaintiff made no complaint to the conductor of the conduct of the soldiers, nor was she herself insulted or abused by any of them.    She did say that she asked the conductor to put her off at a station below the one at which she had intended to alight, stating that she had relatives there, and that he did not pay any attention to her request; but it does not appear that she assigned as a reason for desiring to disembark at the station in question the improper conduct of the soldiers. Manifestly it was the duty of the conductor to know what was taking place in the car, and, after ascertaining that the soldiers were indulging in profane language and riotous conduct, to have used every effort to suppress it, and, failing in that, to have removed the plaintiff to a place where she would not be subjected to such treatment.    But the evidence discloses nothing which would indicate any wanton or wilful disregard of the rights of the plaintiff.    At most, the conductor was guilty of gross negligence, and not of any act from which an intentional disregard of his duty to the plaintiff could be inferred.    Nor was there anything in the act of the conductor in taking plaintiff to the platform of the car

from which such an intention could be gathered. According to her own testimony, she did not stay there exceeding ten or fifteen minutes; and according to the testimony of the conductor, he did not ask her to get upon the platform until he heard the other train approaching. In view of the condition of the weather, it being very cold and snowing, it was doubtless negligence for the conductor to require the plaintiff to stand upon the platform ten or fifteen minutes before the other train approached, but certainly there was nothing in the act itself to indicate a reckless disregard of the plaintiff's safety and comfort or a deliberate intention to cause her suffering. Considering the case as a whole, we are quite clear that there was nothing in it to justify the imposition of exemplary damages, and that the court erred in charging upon this subject. Nor can we say what effect this charge had upon the jury, or whether some portion of the amount found was not added by way of punitive damages. Even if a verdict for $1,000 as actual damages was warranted, it can not be said that jury found only such damages. See, in this connection, *Central Railway Co.* v. *Almand*, 116 *Ga.* 783. We therefore reverse the judgment overruling the motion for a new trial, on the ground that the court erred in giving the charge above referred to.

Nothing was said in the opinion in this case when it was first before the court to indicate that a recovery of exemplary damages would be warranted. It was said that certain facts might be proved "as matter of aggravation;" but from the context it is clear that this language was intended to convey only the idea that such proof would authorize an increase of actual damages. See, in this connection, 2 Am. & Eng. Enc. L. (2d ed.) 1; 1 Bouv. Law Dict. "Aggravation in Pleading;" Gould, Pleading (Hamilton), 56; Heard's Steph. Plead. 243.

2. Complaint is also made that the court erred in charging on the subject of impeachment of witnesses by evidence of general bad character, it being contended that there was no evidence to warrant such a charge. We have carefully examined the evidence, and find that this contention is well founded. It would not, perhaps, be erroneous, in any case where the testimony was conflicting, for the judge to charge that a witness might be impeached by disproving the facts testified to by him. Civil Code, § 5291; *Middle Georgia Ry. Co.* v. *Barnett*, 104 *Ga.* 582 (1); *Chapman* v. *State*,

109 *Ga.* 163. But it is improper for the judge to charge on the subject of impeachment by proof of general bad character, unless some attempt has been made to thus impeach a witness. Such an error, however, would not generally be a sufficient reason for the reversal of a judgment.

3. The court charged, in effect, that positive testimony is generally to be believed in preference to negative testimony, with the qualification that " other things are equal, and the witnesses are of equal credibility." The charge was in exact accord with the ruling in this case when it was here at the March term, 1902. See *Southern Railway Company* v. *O'Bryan,* 115 *Ga.* 659 (1), 660 and cit.

4. Complaint is also made that the court instructed the jury that if they believed the plaintiff's injuries were of a permanent character, they could use the mortality tables introduced in evidence to aid them in arriving at the probable length of time plaintiff would live. It is not contended that there was any error in the charge considered alone, but the complaint is that the court failed to instruct the jury how to arrive at the amount of damages after finding the probable length of life. The court should have charged the jury fully on the subject, instructing them how to use the tables in arriving at the amount of damages. But if the court charged generally on the subject of damages, failure to give more specific instructions would not be cause for reversal, in the absence of a written request so to do.

5. As stated above, there have been three trials of this case and three successive verdicts in favor of the plaintiff. There ought to be an end of this litigation. We think the ends of justice and the due administration of the law require that the plaintiff's right to a recovery of some amount ought not to be longer open to controversy. We direct, therefore, that on another trial the judge instruct the jury that the plaintiff is entitled to recover, and submit to them only the question as to the amount of damages she has sustained. See *Central Railroad Co.* v. *Raiford,* 82 *Ga.* 400.

*Judgment reversed, with direction. All the Justices concur.*