MACON, DUBLIN & SAVANNAH RAILROAD CO. *v.* MCLENDON.

FISH, P. J. 1. Though a traveler upon a public highway, in approaching a railroad crossing, may not observe that amount of care and diligence which would be exercised under like circumstances by an ordinarily prudent person, he is not necessarily precluded from recovering for injuries to his person or property, received on the crossing, if, after it is apparent that the engineer of the railroad company is disobeying the provisions of section 2222 of the Civil Code (which require the blowing of the whistle and the checking of the train on approaching public crossings), he exercises ordinary care and diligence in endeavoring to escape the consequences of the company's negligence. *Comer* v. *Barfield*, 102 *Ga.* 485. Applying this principle to the evidence submitted by the plaintiff in the present case, the court did not err in refusing to grant a nonsuit.

2. In an action for damages against a railroad company, for injuries sustained by reason of the negligent running of the defendant's locomotive and train of cars, wherein damages are claimed for physical pain and suffering, and

also for inability to labor occasioned by such injuries, as well as for the cost of medicine and other expenses, it is erroneous for the court to charge, with-out qualification, that:    " In every tort there may be aggravating circum-stances, either in the act or in the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass or as compensation for the wounded feelings of the plaintiff.    In some torts the entire injury is to the peace and happiness of the plaintiff. In such cases no measure of damages can be prescribed, except the enlight-ened conscience of the jury."    *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147, and cit.                    *Judgment reversed.    All the Justices concur.*

Argued November 26, — Decided December 14, 1903.

Action for damages.    Before Judge Adams.    City court of Dublin.    August 3, 1903.

*John M. Stubbs* and *Akerman & Akerman,* for plaintiff in error. *Davis & Sturgis, Sanders & Davis,* and *J. K. Hines,* contra.