INVESTMENT SECURITIES CORPORATION *v.* COLE.

No. 12282.   SEPTEMBER 27, 1938.

*Joe Schreiber, J. B. Moore,* and *Memory & Memory,* for plaintiff in error.

*Highsmith & Highsmith,* contra.

BELL, Justice.   The present action as construed by the Court of Appeals is one in which the plaintiff "sues for trespass on account of a wrongful levy of an attachment on his property as the property of the defendant in attachment, and seeks to recover both actual and punitive damages." The plaintiff recovered a verdict which included damages of the latter class, and the judgment of the trial court overruling the defendant's motion for a new trial was reversed by the Court of Appeals on the ground that the amount recovered as punitive or exemplary damages was excessive.   It was further held by that court that although, in order to recover such damages, it would be necessary for the plaintiff to prove malice or lack of probable cause, or to show a wilful or wanton trespass, yet "the malice required . . need not amount to ill will, hatred, or vindictiveness of purpose; it being sufficient if the defendant was guilty of a wanton or even a conscious or intentional disregard of the rights of another, as such disregard is equivalent to legal 'malice,' justifying punitive damages for trespass." On rehearing, this latter ruling was explained by the court as follows: "We did not hold in this case that a mere disregard of the rights of others would authorize a recovery of exemplary damages against the trespasser. . . What we hold is, that, to authorize a recovery of exemplary damages in the instant case, there must be at least a wanton or conscious or intentional disregard of the rights of others." On application of the

defendant, certiorari was granted by this court. The chief complaint is as to the ruling that a conscious or intentional disregard of the rights of another, as of the plaintiff in this case, would justify the recovery of punitive damages for the trespass. For the decision under review, see 57 *Ga. App.* 97 (194 S. E. 411).

1. In every tort there may be aggravating circumstances, which may exist "in the act," as well as in the intention, and in that event the jury may award additional or exemplary damages. Code, § 105-2002. If the defendant caused the seizure of the plaintiff's property, honestly believing that it belonged to the defendant in attachment, and there was nothing in the manner of the seizure to indicate a wanton disregard of the rights of the true owner, any recovery by the plaintiff as such owner should be limited to actual damages. *Yahoola River &c. Mining Co.* v. *Irby,* 40 *Ga.* 479 (5); *Scott* v. *Mathis,* 72 *Ga.* 119 (3); *Georgia Railroad & Banking Co.* v. *Gardner,* 115 *Ga.* 954 (42 S. E. 250), s. c. 118 *Ga.* 723 (2) (45 S. E. 600); *Haleley* v. *State,* 118 *Ga.* 79 (44 S. E. 852); *Maxwell* v. *Speth,* 9 *Ga. App.* 745 (72 S. E. 292); Beveridge *v.* Rawson, 51 Ill. 504.

2. "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000). From the whole decision of the Court of Appeals, including what was stated on rehearing, it is apparent that the expression as to "conscious or intentional disregard of the rights of another" was intended by that court in the sense of knowingly or wilfully disregarding such rights, and as excluding good faith and honest belief on the part of the defendant as to ownership by the defendant in attachment. See *King* v. *State,* 103 *Ga.* 263, 265 (30 S. E. 30); *Ætna Life Ins. Co.* v. *Carroll,* 169 *Ga.* 333 (1-*d*) (150 S. E. 208); *Savannah Electric & Power Co.* v. *Horton,* 44 *Ga. App.* 578 (2) (162 S. E. 299). Accordingly, the ruling of the Court of Appeals can not be taken as meaning that the plaintiff might be entitled to recover exemplary damages without proof of "aggravating circumstances either in the act or intention" of the defendant, or as being contrary to the law as previously

enunciated by this court in *Southern Railway Co.* v. *O'Bryan,* supra, and similar decisions.

3. Since the result of the decision and judgment of the Court of Appeals was to remand the case for a new trial on the evidence, and since the evidence may not be the same on another trial, it will not be determined on this review whether it was error to hold "that under the evidence . . a verdict for exemplary damages was authorized." See *Happ Brothers Co.* v. *Hunter Manufacturing &c. Co.,* 145 *Ga.* 836 (13) (90 S. E. 61) ; *Edwards* v. *State,* 174 *Ga.* 632 (2) (163 S. E. 157).

*Judgment affirmed. All the Justices concur.*