36565. ORR *et al.* v. FLOYD.

402

DECIDED MARCH 15, 1957—REHEARING DENIED MARCH 29, 1957.

J. V. Poole, for plaintiffs in error.

Bruce B. Edwards, Joe R. Edwards, W. George Thomas, contra.

FELTON, C. J. ■ The defendants contend that the action of the officer did not amount to a levy because he did not inventory the goods and fixtures and did not make a seizure thereof and never gained actual or constructive custody or control of such property. The evidence showed otherwise. The officer made the following return: "I have this day executed the within fi. fa. by levying upon the following described property to wit: Goods in the grocery store located at 973 Oakland Dr. S.W. operated in the name of Floyd's Foods. Levied on as the property of H. B. Floyd as the defendant to satisfy a fi. fa. issued from the Superior Court of Fulton County, Ga., in favor of C. W. Orr the plaintiff in fi. fa. vs. the said H. B. Floyd, defendant in fi. fa. Property pointed out by plaintiff's attorney."

When he made the levy, the officer instructed the plaintiff that he was making a levy, took the plaintiff's keys, locked the doors to the store and placed a sign in the store window to the effect that a levy had been made. The plaintiff treated the officer's actions as a levy because he later filed a claim and bond, whereupon his keys were returned to him. These circumstances show seizure and constructive custody and a levy for the purposes of this action. See Crine v. Tifts & Co., 65 Ga. 644 (1); Crawford v. State, 19 Ga. App. 97 (2) (90 S. E. 1043).

■ Where one causes a levy to be made on the property in the possession of and belonging to a person not the defendant in fi. fa. without probable cause, he is a trespasser even though the levy was directed by his attorney (Atlantic Co. v. Farris, 62 Ga. App. 212, 215 (1), 8 S. E. 2d 665), and if the attorney causes such levy to be made without probable cause, he is a joint trespasser with his client. Williams v. Inman, 1 Ga. App. 321 (1c) (57 S. E. 1009).

■ Malice may be inferred from the want of probable cause or if the seizure was done in a manner to indicate a wanton dis-

regard .of the rights of the true owner. Here the plaintiff displayed to the levying officer evidence of his ownership of the property and the officer then contacted the plaintiff in fi. fa.'s attorney with reference to such matter and the attorney, without further inquiry concerning the plaintiff's title to the property directed the officer to proceed with the levy. From these circumstances the jury could infer malice. Therefore, the allegations that the defendants proceeded maliciously were not without proof.

■ The verdict was not excessive. In addition to actual damage, the plaintiff prayed for, and the evidence authorized, exemplary damages. See *Investment Securities Corp.* v. *Cole*, 57 *Ga. App.* 97 (194 S. E. 411); s. c., 186 *Ga.* 809 (199 S. E. 126); *Atlantic Co.* v. *Farris*, 62 *Ga. App.* 212, 218, 219, supra.

The evidence clearly authorized a verdict of $1,250 for actual damages for spoilage of meat and produce and loss of profits, and for exemplary damages.

The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Townsend and Nichols, JJ., concur. Townsend, J., was designated to preside in place of Quillian, J., disqualified.*