## 53048. BLAZER FINANCIAL SERVICES, INC. OF GEORGIA v. STEWART.

McMURRAY, Judge.

Stewart purchased an automobile from Lee Bagwell Motors, Inc. She was a resident of South Carolina at the time. She did not receive title to the automobile but was told to come back the next day to pick up her certificate of title. She did so, but no certificate of title to the automobile was ever given to her, despite her repeated attempts to obtain it from the dealer and the succession of holders of the note by which she had financed the vehicle. Having no certificate of title, she was unable to obtain a license tag and was thus deprived of the use of the automobile.

The purchase of the automobile was financed by a loan from Blalock Acceptance Corp. Blalock sold the note to Community Loan Corporation. Blazer Financial Services, Inc. of Georgia became a successor in interest to Community Loan by virtue of a merger.

Stewart continued to make payments on the indebtedness despite having no title to the automobile. The automobile was purchased for the use of Stewart's son, but having no tag or insurance he could not drive it. Needless to say, he and plaintiff's other son got in trouble with the police trying to drive it on three occasions in the aggregate.

Stewart finally ceased to make payments and sued Lee Bagwell, as an individual, and Blazer in two counts. Count 1 sought to get her money back, alleging failure of consideration. She alleges knowledge of the transaction by the lender which was eventually absorbed by the defendant, Blazer. In Count 2 she alleges that a conspiracy existed between the seller and the lender and

its successors in having knowledge of the nondelivery of the title and a continuous calculated conspiracy to threaten, abuse and harass her to her detriment in an attempt to force and coerce her to continue making payments on the note. She sought actual and punitive damages of $50,000.

Bagwell was dismissed as a defendant, and at the trial a verdict was directed as to Count 1 at the close of plaintiff's evidence. Count 2 went to the jury which returned a verdict of $3,000 compensatory and $2,000 punitive damages. Blazer moved for judgment notwithstanding the verdict or in the alternative for a new trial. This motion was denied, and Blazer appeals, enumerating as error the refusal to grant this motion and the refusal to direct a verdict as to Count 2 at the close of plaintiff's evidence. *Held:*

1. The appellate court will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict. *Pope v. Beasley,* 200 Ga. 656 (38 SE2d 300); *Carroll v. Johnson,* 105 Ga. App. 541, 543 (125 SE2d 91).

2. Plaintiff testified that an employee of Blazer told her that if she could not get her payment up and talk money to him that night that he would have a truck backed up in her yard and empty her house out. There was also testimony of repeated harassing calls to her. The jury was authorized to conclude that the natural result of this threatened trespass was the causation of mental suffering and wounded feeling, as well as aggravation of pre-existing physical infirmities. *Digsby v. Carroll Baking Co.,* 76 Ga. App. 656 (47 SE2d 203); *Dunn v. Western Union Tel. Co.,* 2 Ga. App. 845 (59 SE 189); *Hines v. Evans,* 25 Ga. App. 829 (105 SE 59); *Young v. Western & A. R. Co.,* 39 Ga. App. 761 (148 SE 414). Obviously, such threats exceed the bounds of the reasonable and necessary actions to collect a bill which a debtor is deemed to expect of his creditor. *Gouldman-Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682 (100 SE2d 881). There was further evidence of wilful and unreasonable conduct on the part of Blazer in the apparently false statement of its employee to plaintiff's friend that they had the New York registration for the car and would supply plaintiff with a title to the

vehicle if she would pay her bill.

3. The imposition of exemplary damages is justified when there have been some aggravating circumstances such as wilful misconduct. *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000); *Standard Oil Co. v. Mt. Bethel United Methodist Church,* 230 Ga. 341 (4) (196 SE2d 869); *Investment Securities Corp. v. Cole,* 186 Ga. 809 (199 SE 126) and cits. at p. 810 (1, 2).

As pointed out in Division 1, there was evidence of wilful misconduct on the part of Blazer's employees in seeking payment of plaintiff's loan. The jury is therefore authorized to grant exemplary damages. *Kolodkin v. Griffin,* 87 Ga. App. 725, 731 (5) (75 SE2d 197).

4. There may be more than one proximate cause of an injury and the victim may bring an action against one or more of the tortfeasors who have contributed to his injury. There was some evidence here that the note had been paid in full, and there is evidence that plaintiff's injuries were caused by several sets of circumstances, including the actions of Blazer in attempting to force her to continue to pay on the indebtedness.

Questions of proximate cause are questions of fact properly for the jury, and their determination will not be overturned except in clear and unmistakable cases. *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726); *Hardy v. Brooks,* 103 Ga. App. 124 (1) (118 SE2d 492); *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918). If the plaintiff's injuries would not have resulted in the absence of the wilful misconduct of Blazer then those actions are the proximate cause or one of several proximate causes of plaintiff's injury.

Plaintiff testified that as a result of a telephone call from a Blazer employee she had to go back to her doctor to be checked. She also testified that the repeated communications from Blazer had caused her to become nervous and had necessitated visits to her doctor. Plaintiff's friend testified that he had been with plaintiff when she received telephone calls from employees of Blazer and that plaintiff immediately thereafter appeared emotionally distressed. Despite the evidence indicating that other events had contributed to plaintiff's injury, the jury was authorized to believe that plaintiff's

injuries would not have resulted in the absence of Blazer's actions. The jury was therefore authorized to return a verdict in favor of plaintiff. None of the enumerations of error attacking the sufficiency of the evidence is meritorious.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED JANUARY 4, 1977 — REHEARING DENIED JANUARY 31, 1977.

*Kilpatrick & Paine, Travers W. Paine, III, McClain, Mellen, Bowling & Hickman, Arthur Gregory, Thomas W. Thrash,* for appellant.
*Archie L. Gleason,* for appellee.