57369, 57370. CITIZENS & SOUTHERN NATIONAL BANK v. BOUGAS; and vice versa.

ARGUED MARCH 7, 1979 — DECIDED APRIL 9, 1979 —
REHEARING DENIED APRIL 30, 1979 IN CASE No. 57369 —

*Alston, Miller & Gaines, William C. Humphreys, Jr., Jay D. Bennett,* for appellant.

*Harrison, Kovacich & Naughton, Michael J. Kovacich,* for appellee.

Deen, Chief Judge.

1. (a) Dealing first with the cross appeal, it is conceded that the bank did increase the interest on the Walsh demand note from 6 percent to 8 percent and later to 9 percent without notifying its guarantor Bougas, and that under the decision in *C & S Nat. Bank v. Scheider,* 139 Ga. App. 475 (228 SE2d 611) (1976) this does not discharge the guarantor. It was held in *Scheider* that the language of a substantially identical guaranty of payment of the note "and all extensions or renewals thereof" and waiver of notice was an agreement to guarantee payment of a renewal of the note even at a higher rate of interest. The request to overrule this controlling authority is denied.

(b) It was also urged, under the testimony of Arthur Nick Bougas, that he understood the bank was going to take a security interest in certain property of Walsh, and was entitled to rely on the bank's interest in that property and to be discharged because of the failure of the defendant to protect him as guarantor in this regard. The claim is based on Code § 109A-3—606 (1) (b): "The holder discharges any party to the instrument to the extent that without such party's consent the holder . . . unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse." Pointing out that under the Uniform Commercial Code property is not "collateral given" within the meaning of Code § 109A-9—105 (1) (c) unless it is "subject to a security interest," which the property in

question was not, and that the language of the guaranty, like that of *Greene v. Bank of Upson,* 231 Ga. 287, 288 (201 SE2d 463) (1973) allowed the holder to "grant any releases, compromises or indulgences with respect to . . . any security . . . without notice to or consent of" and without affecting the liability of the guarantor, which language was held broad enough to effect a waiver, the trial court properly eliminated these contentions from jury consideration.

(c) The tortious conversion upon which this suit is based is thus reduced to the question of the bank's retention of $1,500.02 from the proceeds of the savings bond as attorney fees on the notes in question. The only possible justification for this action would be the 15 percent attorney fees to which a plaintiff is entitled under Code § 20-506 after giving 10-day notice where the note is collected "by or through an attorney after maturity." The installment note at least was not collected through an attorney, as it was subtracted by the bank from the proceeds of the plaintiff's bond. The suit on the Walsh note was dismissed prior to trial, and that amount was also taken out of the proceeds of the bond.

The burden is on the entity seeking to collect attorney fees on a note in default to prove that all the conditions of Code § 20-506 have been met. *Walton v. Johnson,* 213 Ga. 108 (3) (97 SE2d 310) (1957). Although requirements that the debt be sued on which were incorporated in prior versions of this statute were deleted by Ga. L. 1953, pp. 545, 546, these were replaced by the requirement that the attorney fees are only collectible where the debt is collected *by or through* an attorney. We note in this regard that under subdivision (c) the notice itself may be given either by the creditor *or* his attorney. It may be given after suit is actually filed. "The obligation to pay attorney fees is only a contingent liability and the debtor is not bound to pay them until there is a full compliance with conditions precedent stated in the statute." *Holt v. Rickett,* 143 Ga. App. 337 (1) (238 SE2d 706) (1977). Direction of a verdict against the bank on the $1,500 attorney fee item was proper.

(d) Additional (punitive) damages may be awarded under Code § 105-2002 to deter the wrongdoer from

repeating the trespass where there are aggravating circumstances, either in the act or the intention. Code § 105-2002. They may be awarded although the actual injury is small and only nominal damages recoverable. *Foster v. Sikes,* 202 Ga. 122, 126 (42 SE2d 441) (1947). This case has had a long history, it has twice before journeyed to the appellate courts and on one occasion the bank attempted to carry the appeal to the United States Supreme Court. The actions concerning liability for attorney fees on the notes are ambiguous to say the least. First, suit was brought on the Walsh note, and notice for attorney fees given (which would have amounted to about $400). Thereafter the bank changed directions, accelerated the installment note, gave another notice for attorney fees, then set off the entire debt claimed against the plaintiff's bond and dismissed the prior suit. This litigation has been going on since early in 1975. It must have become obvious during the four-year period of litigation at least that this item could not be justified. A creditor is charged with the taking of affirmative action as to the acceleration of a loan and the calling in of security. *Lee v. O'Quinn,* 184 Ga. 44 (2) (190 SE 564) (1937). Where the creditor should have become cognizant during the litigation of circumstances indicating it was in error in demanding a part or all of the debt its failure to rectify its position creates a jury question as to whether the tortious misconduct was intentional or due to that entire want of care which would raise a presumption of conscious indifference. *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (45 SE 1000) (1903). It was proper to submit the question of additional damages to the jury. The amount of such damages is entirely within their enlightened conscience. The jury returned a verdict for $13,000. It was not error to fail to direct a verdict on this issue. *Bonds v. Powl,* 140 Ga. App. 140 (2) (230 SE2d 133) (1976).

(e) As to the item of $8,500 for attorney fees and expenses of litigation, however, a different rule obtains. They may be awarded where "the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Code § 20-1404. Bad faith means bad faith in the transaction out of which the cause of action arose. *Bowman v. Poole,* 212

Ga. 261 (3) (91 SE2d 770) (1956). That transaction, of course, was the set off of plaintiff's savings certificate against the debt owed the bank by or attributable to his son. However, the complaint sought recovery of the entire proceeds of the bond in the sum of $26,040 based on the legal theory that there could be no set off because the guarantors had been discharged by reason of a novation increasing their risk. Only $1,500 of this amount could be collected (except for the $6,185.79 tendered) and the jury reduced the $100,000 punitive damages sought to $13,000.

" 'The bad faith referred to has been consistently held by Georgia courts to refer to the conduct of the defendant in his dealings with the plaintiff out of which the suit arose, rather than the defendant's conduct in defending the suit' . . . moreover, 'the Georgia courts have placed a gloss on the requirements of § 20-1404 — adding to them the further requirement that in order for a plaintiff to be entitled to attorney's fees the jury must award the plaintiff substantially what he has requested in damages.' University Computing Co. v. Lykes-Youngstown Corp., 504 F2d 518, 548 . . ." *Southern Bell v. C & S Realty Co.,* 141 Ga. App. 216, 222 (233 SE2d 9) (1977). The bank here did have a right to set off Arthur Nick Bougas' debts against the plaintiff guarantor's bond, although it had no right to claim the 15 percent attorney fees in so doing.

It is contended by the plaintiff that the court should not consider these cases as they were not argued before the trial court. We have no way of knowing what cases were argued at that level, but the fourth enumeration of error ("The trial court erred in submitting plaintiff's claim for attorney fees to the jury, and in denying defendant's motion for directed verdict as to plaintiff's claim for attorney fees") is sufficient to present the issue for our consideration. The court should have granted judgment notwithstanding the verdict as to attorney fees.

2-5. The remaining headnotes need no further elaboration.

*Judgment affirmed in part and reversed in part in Case No. 57369. Judgment affirmed in Case No. 57370.*

*McMurray, P. J., and Shulman, J., concur.*