## 35095. CITIZENS & SOUTHERN NATIONAL BANK v. BOUGAS.

BOWLES, Justice.

Certiorari was granted to review the Court of Appeals' decision in *Citizens & Southern Nat. Bank v. Bougas,* 149 Ga. App. 722 (256 SE2d 37) (1979) and to decide whether a creditor who becomes aware during the course of litigation that he is not entitled to all or part of a demanded debt is subject to an award of punitive damages against him by virtue of pursuing the litigation.

Briefly, the facts show that respondent Nick Bougas was the guarantor on a note made by his son in favor of the Citizens & Southern National Bank. Respondent Bougas pledged a savings bond as security for this note. As the result of another transaction with Bougas' son, the bank accelerated the maturity of the note and called for full

payment on a stated date. When payment was not made, the bank declared the note in default and set-off the indebtedness against respondent's savings bond. Thereafter, the bank mailed Bougas a check for the remainder of the amount of the bond after set-off. A month and a half later, the bank notified Bougas that it was deducting an additional $1,500.02 against the savings bond for attorney fees incurred in collection of the debt. Payment on the first check was stopped, and a new check was issued to Bougas.

Bougas brought suit against the bank alleging tortious conversion of his savings bond and demanded $26,040 actual damages, $100,000 punitive damages and $8,500 attorney fees. The trial court directed a verdict of $1,500.02, the amount of the bank's attorney fees, for Bougas. The jury awarded Bougas $13,000 punitive damages and $8,500 attorney fees. On appeal, the Court of Appeals affirmed the directed verdict and award of punitive damages, and reversed the award of attorney fees.

In upholding the jury award of punitive damages under Code Ann. § 105-2002, the Court of Appeals held "[w]here a creditor should have become cognizant during the litigation of circumstances indicating it was in error in demanding a part or all of the debt its failure to rectify its position creates a jury question as to whether the tortious misconduct was intentional or due to that entire want of care which would raise a presumption of conscious indifference. *Southern R. Co. v. O'Bryan*, 119 Ga. 147 (45 SE 1000) (1903)." The Court of Appeals found evidence in the record to support the finding that the bank should have known at some point during this litigation that it had no right to collect attorney fees for the set-off of indebtedness. We reverse.

Code Ann. § 105-2002 provides, "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." There is no provision for punitive damages arising because of conduct occurring during the litigation. The aggravating circumstance must relate to

the tort being sued on, which in this case was wrongful conversion. The actions of the bank in setting off the amount it had expended for attorney fees in trying to collect a debt that was clearly due and owing, when viewed at the time it was taken, does not satisfy the statutory test for submission of punitive damages to the jury. Neither is there authority, statutory or otherwise, for allowing the refusal to correct past errors discovered during the course of litigation, to become the basis of a punitive damage award. This is not to say that evidence of this failure to rectify errors might not form the basis of a claim for attorney fees under Code Ann. § 20-1404 should it be shown that the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. Under the facts of the case, however, we agree with the Court of Appeals that attorney fees were not recoverable.

We reverse Division 1 (d) of the Court of Appeals' opinion in *Citizens & Southern Nat. Bank v. Bougas,* supra, and hold that Bougas was not entitled to an award of punitive damages in any amount.

*Judgment reversed in part. Undercofler, P. J., Jordan, Hill, Marshall and Clarke, JJ., concur. Judge Joel J. Fryer concurs specially. Nichols, C. J., disqualified.*

ARGUED SEPTEMBER 17, 1979 — DECIDED FEBRUARY 20, 1980 — REHEARING DENIED MARCH 13, 1980.

*Alston, Miller & Gaines, William C. Humphreys, Jr.,* for appellant.

*Harrison, Kovacich & Naughton, Michael J. Kovacich,* for appellee.

FRYER, Judge, concurring specially.

While I concur in the result reached by the majority, I do not do so for the same reasons.

The question presented on certiorari was whether a creditor, who becomes aware during the course of litigation that he is not entitled to all or part of a demanded debt, is subject to an award of punitive

damages against him by virtue of pursuing the litigation.

The majority reasons that the actions of the bank in setting off attorney fees on a debt that was clearly due, when viewed at the time of the set off, does not satisfy the statutory test for submission of punitive damages to the jury. The decision of the Court of Appeals stated that the evidence in this case did not indicate at what point the bank realized, or should have realized, that it was not entitled to set off its attorney fees. Based on the lack of definitive evidence here, I concur in the result reached by the majority.

The majority views the actions of the bank in continuing to litigate the issue of setting off the attorney fees, after it should have known that it was not entitled to do so, as constituting an element separate from the tort sued upon. The majority also holds that the spectre of an award of attorney fees under Code Ann. § 20-1404 is sufficient to deter a party from acting in bad faith, being stubbornly litigious, or from causing the plaintiff unnecessary trouble and expense. The majority goes on to hold that there is no authority, statutory or otherwise, for allowing the refusal to correct past errors discovered during the course of litigation to become the basis of a punitive damage award. It is to this logic and this blanket assertion that I take exception.

The statutory authority for an award of punitive damages is found in Code Ann. § 105-2002, which provides: "In every tort there may be *aggravating circumstances,* either in the act or in the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." (Emphasis supplied.) It is this phrase, "aggravating circumstances" that has been developed by judicial interpretation, and which in my view affords the basis for an award of punitive damages in a case such as this.

In its decision, the Court of Appeals cited *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (45 SE 1000) (1903), which considered the factors which constitute such "aggravating circumstances." The court held that for an award of punitive damages to be imposed, there must be evidence of some wilful misconduct, or "that entire want

of care which would raise the presumption of a conscious indifference to consequences." Id. at 149.

This language has an interesting history. It first appears in Justice Davis' opinion in Milwaukee R. Co. v. Arms, 91 U. S. 489 (1875), addressing the propriety of a jury charge on punitive damages. The court held that there must be "that entire want of care which would raise the presumption of a conscious indifference to consequences." Id. at 495.

The Supreme Court of Georgia adopted this standard in *Chattanooga R. &c. Co. v. Liddell,* 85 Ga. 482 (11 SE 853) (1890). The court went on to require that the "act must have been done under such circumstances as to show a disregard for the rights of others, or the ordinary obligations of society." The earlier cases which applied that standard did so in the context of cases involving personal injury.[1]

*Investment Securities Corp. v. Cole,* 186 Ga. 809 (199 SE 126) (1938), held that the "expression as to 'conscious or intentional disregard of the rights of another' was intended . . . in the sense of knowingly and wilfully disregarding such rights, and as excluding good faith and honest belief on the part of the defendant. . ." Id. at 810.

Punitive damages have been allowed in cases involving wrongful seizures on a debt, *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813 (168 SE2d 827) (1969); *Orr v. Floyd,* 95 Ga. App. 401 (97 SE2d 920) (1957); wrongful levy, *Atlantic Co. v. Farris,* 62 Ga. App. 212 (8 SE2d 665) (1940); and for harassment in collection of a disputed debt, *Blazer Financial Services v. Stewart,* 141 Ga. App. 156 (233 SE2d 1) (1977).

In *Ford Motor Credit Co. v. Spicer,* 144 Ga. App. 383 (241 SE2d 273) (1977), the court considered punitive damages arising from the wrongful repossession of an automobile. The evidence showed that the day after the repossession a credit coordinator was aware that all sums

---

[1]See also *Southern R. Co. v. Davis,* 132 Ga. 812 (65 SE 131) (1909); *Johnson v. Morris,* 158 Ga. 403 (123 SE 707) (1924); *C. & W. C. R. Co. v. McElmurray,* 16 Ga. App. 504 (85 SE 804) (1915) Annot., 98 ALR 267, 273.

due from the plaintiff had been paid, but the defendant made no effort to return the plaintiff's automobile or to inform him of the error made in repossessing plaintiff's automobile. The court held, "From the fact that Ford Motor Credit Company continued to withhold plaintiff's automobile after learning of its error in crediting payment of $2,167 to the wrong account and receiving the two monthly payments totaling $322.04, the jury was authorized to infer that the repossession was malicious from the time it was carried out. . ." Id. at 388.

Punitive damages for "conscious indifference" were upheld by this court in *Ponce de Leon Condominiums v. Di Girolamo,* 238 Ga. 188 (232 SE2d 62) (1977), where the appellee was damaged by surface water flowing from the defendant's development. The opinion stated, "The jury was authorized to find that appellants had acted with 'conscious indifference' to the consequences, if not in creating, then in failing to correct a drainage system which was causing damage to appellee." Id. at 189.

Thus, *Spicer* and *Di Girolamo* both deal with factual situations where the aggravating factors authorizing award of punitive damages stem from the tort itself.

The holding of the majority in the case at bar would allow financial institutions to operate with relative impunity in setting off attorney fees, thus forcing the debtor to bring an action to recover his funds.

I would therefore hold that where the evidence shows with certainty that a creditor has become aware, during litigation, that he is not entitled to all or part of a demanded debt, and has continued to litigate this issue, a jury question is created as to whether the creditor has acted with conscious indifference to the consequences and the rights of the debtor. If the jury so finds, an award of punitive damages would be authorized.