Linda Lee VACCA, Plaintiff,

v.

Walter Sloan MEETZE, Defendant.

Civ. A. No. 180–130.

United States District Court,
S. D. Georgia,
Augusta Division.

Oct. 27, 1980.

Victor C. Hawk, Leiden & Hawk, Augusta, Ga., for plaintiff.

Richard E. Miley, Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

In this action, plaintiff alleges two loans to defendant: a May 7, 1980, loan of $500.00 repayable within ninety days and a May 22, 1980, loan of $9,000.00 repayable in one year in the amount of $9,500.00 plus interest, "subject to a demand for repayment at any time within ninety days of demand." Presently before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a° claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(1), 12(b)(6).

■ A Rule 12(b)(1) challenge to the Court's subject matter jurisdiction places the burden on the plaintiff, the party asserting jurisdiction, to show the requisite jurisdictional facts by a preponderance of the evidence. *See Save Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc.*, 568 F.2d 1074 (5th Cir.), *cert. denied*, 439 U.S. 836, 99 S.Ct. 120, 58 L.Ed.2d 133 (1978); *Butler v. Pollard*, 482 F.Supp. 847 (E.D.Okla.1979). In this case, plaintiff has not filed any reply memorandum to defendant's motion as required by Local Rule 6.2. The Court must necessarily rely on plaintiff's complaint as the only showing of subject matter jurisdiction.

■ The statement of jurisdiction in the complaint is that defendant resides in the State of South Carolina and that the amount in controversy exceeds $10,000.00. Such a statement is an insufficient showing of diversity jurisdiction under 28 U.S.C. 1332(a). "When jurisdiction is based on diversity of citizenship, ... the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *American Motorists Insurance Co. v. American Employers' Insurance Co.*, 600 F.2d 15, 16 (5th Cir. 1979). Since the complaint does not specify the citizenship of either party, the plaintiff has clearly failed to carry her burden of establishing the subject matter jurisdiction of this Court. "The complaint is [therefore] defective, and, unless the deficiency is cured, the [12(b)(1)] motion must be granted regardless of the actual existence of subject matter jurisdiction." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 549 (1969).

■ A second argument made in support of defendant's Rule 12(b)(1) motion is that the amount in controversy does not exceed the requisite jurisdictional amount of $10,-000.00. Plaintiff's complaint is framed in three counts, in which the basic claim is for breach of contract. Plaintiff alleges a debt due in the amount of $500.00 and a debt due in the amount of $9,000.00 plus $500.00 as consideration for the loan. Thus, assuming *arguendo* that the $500.00 consideration for the $9,000.00 loan is not interest, the base claim for purposes of computing jurisdictional amount is $10,000.00. Whether this figure reflects the actual amount in controversy is doubtful, however, given the somewhat ambiguous averment in paragraph 3 of plaintiff's complaint that the $9,000.00 loan was "subject to a demand for repayment at any time within ninety days of demand." The apparent meaning of this allegation is that the $9,000.00 loan was due ninety days after plaintiff's demand of June 15, 1980; yet, this action was commenced well within the ninety–day repayment period. It is clear, in any event, that

the amount in controversy for the underlying breach of contract claim does not surpass the threshold jurisdictional amount for federal subject matter jurisdiction.

■ In addition to the breach of contract allegation, plaintiff states a claim for attorney's fees and punitive damages. Of course, attorney's fees and punitive damages, when allowed by applicable law, may be included in determining the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Premier Industry Corp. v. Texas Industry Fastener Co.*, 450 F.2d 444 (5th Cir. 1971). Defendant challenges such an inclusion by arguing that the allegations are insufficient to state a claim upon which relief can be granted.

■ A determination of the amount in controversy for jurisdictional purposes is made at the time the action is commenced. *See, e. g., Garza v. Rodrigues*, 559 F.2d 259, *rehearing denied*, 568 F.2d 1367, *cert. denied*, 439 U.S. 877, 99 S.Ct. 215, 58 L.Ed.2d 191 (1977). Subsequent events, such as recovery of a lesser amount, the probability of a judgment notwithstanding the verdict if a jury awards the full amount prayed for, or partial summary judgment reducing the claim below the requisite amount, do not divest the court of jurisdiction. *See generally* C. Wright & A. Miller, *supra* § 3702, at 379–83. Instead, the appropriate standard to justify dismissal under Rule 12(b)(1) is whether it appears to a legal certainty that the claim is for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). This standard is often narrowly construed to support a finding of subject matter jurisdiction. *See, e. g., Dassinger v. South Central Bell Telephone Co.*, 505 F.2d 672 (5th Cir. 1974); *Johns–Manville Sales Corp. v. Mitchell Enterprises, Inc.*, 417 F.2d 129 (5th Cir. 1969).

Only three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

C. Wright & A. Miller, *supra*, at 394–95. Defendant's argument falls within the second enumerated situation.

■ Under Georgia law, attorney's fees may be recovered when it is "shown that the defendant was stubbornly litigious, put the plaintiff to unnecessary trouble and expense, or acted in bad faith." *Moon v. Georgia Power Co.*, 127 Ga.App. 524, 527, 194 S.E.2d 348 (1972); *see* Ga.Code Ann. § 20–1404 (1977). Plaintiff need only establish the existence of one of these conditions to recover attorney's fees. *See Altamaha Convalescent Center, Inc. v. Godwin*, 137 Ga.App. 394, 395, 224 S.E.2d 76 (1976). Assuming that attorney's fees are not recoverable under the "stubbornly litigious" clause of section 20–1404 since, as defendant argues, a "bona fide controversy" exists as to the validity of the debt, *see Nestle Company, Inc. v. J. H. Ewing & Sons*, 153 Ga.App. 328, 333, 265 S.E.2d 61 (1980), this would not preclude recovery under the "bad faith" clause.

■ In Counts II and III of her complaint, plaintiff alleges fraud and misrepresentation and seeks commensurate punitive damages. Such allegations, if established, may also constitute "bad faith" under section 20–1404. *See Citizens & Southern National Bank v. Bougas*, 149 Ga.App. 722, 727, 256 S.E.2d 37 (1979), *rev'd* on other grounds, 245 Ga. 412, 265 S.E.2d 562 (1980) ("Bad faith means bad faith [such as fraud] in the transaction out of which the cause of action arose."). Defendant, however, contends that these claims are not actionable under Georgia law since "actionable fraud cannot be based merely on statements referring to future events, or merely promissory of future acts." *Scott v. Lumpkin*, 153 Ga.App. 17, 20, 264 S.E.2d 514 (1980); *see Georgia Real Estate Commission v. James*, 152 Ga.App. 193, 195, 262 S.E.2d 531 (1979) ("It has long been the rule in this state that ordinarily promises to perform some act in the future will not amount to fraud in legal acceptation, although subsequently broken

without excuse, and especially is this true of a promise to pay money.").

In deciding whether Counts II and III state claims upon which relief can be granted, the Court must view the complaint in the light most favorable to plaintiff, with every doubt resolved in her behalf. *See United States v. Wynn*, 528 F.2d 1048 (5th Cir. 1976); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 601 (1979). Following this principle of construction, the Court cannot conclude that the allegations on the face of plaintiff's complaint show an insuperable bar to relief. Although failure to perform a future act does not constitute actionable fraud under Georgia law, "there exists an exception for promises as to future events made with the present intention not to perform." *Hill v. Delta Airlines, Inc.*, 143 Ga.App. 103, 105, 237 S.E.2d 597 (1977). Counts II and III arguably state claims for relief within this exception. Accordingly, it does not appear to a legal certainty that plaintiff's claim is for less than the jurisdictional amount.

This conclusion does not cure plaintiff's failure to properly invoke diversity jurisdiction under section 1332(a). Ordinarily, such jurisdictional defects are remedied by dismissal with leave to amend. "The court should not dismiss the complaint . . . without giving the nonmoving party the opportunity to be heard." C. Wright & A. Miller, *supra* § 1350, at 551. In this case, plaintiff had an opportunity under Local Rule 6.2 to file a response or reply memorandum to defendant's motion but failed to do so. Accordingly, defendant's motion under Fed.R.Civ.P. 12(b)(1) is granted and plaintiff's complaint is dismissed without prejudice.