## 41670. GREEN v. THE STATE.
(324 SE2d 181)

WELTNER, Justice.

Ricky Green shot and killed Carlton Grant with a handgun. He appeals his conviction of murder and his sentence to life impris-

onment.[1]

1. Green alleges that the evidence at trial was insufficient to support the verdict. The evidence shows that Green and Grant fought in a bar. Green left, but soon returned and fired five shots at Grant, hitting him three times. While Green contends that the victim was armed, the state's witnesses disputed this, and no gun was found at the crime scene. The evidence is sufficient to enable a rational trier of fact to find Green guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Green insists that the trial court erred in failing to instruct the jury concerning the provisions of OCGA § 24-4-7, which provides: "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many other witnesses who had the same opportunity of observation swear that they did not see or know of its having existed. This rule shall not apply when two parties have equal facilities for seeing or hearing a thing and one swears that it occurred while the other swears that it did not."

Many years ago, this court commented upon the dangers in charging this Code section, in view of its inherent want of clarity. *Southern R. Co. v. O'Bryan*, 119 Ga. 147 (3) (45 SE 1000) (1903); *Warrick v. State*, 125 Ga. 133, 141 (53 SE 1027) (1906). In any event, Green's witnesses testified that the victim had a gun, while the state's witnesses testified affirmatively to the contrary. The court's charge relative to credibility was adequate, and the refusal to charge the provisions of OCGA § 24-4-7 was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1985.

*R. Robider Markwalter*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.*, for appellee.

---

[1] The date of the crime was December 31, 1983. Green was convicted on April 17, 1984. He filed a motion for new trial on May 7, 1984, which was overruled on May 21, 1984. He filed a notice of appeal on June 21, 1984. The transcript was filed in Bibb County Superior Court on October 5, 1984, and the appeal docketed in this court on October 29, 1984. The case was submitted on December 14, 1984.