## PRITCHARD *et al. v.* McCRARY.

1. The charge of the trial judge respecting the measure of damages was in accord with what was decided when this case was before this court on a former occasion.
2. Before attorney's fees can be recovered on a note executed since the passage of the act of 1900 (Van Epps' Code Supp. § 6185), it must be alleged in the pleadings that the statutory notice has been given ; and such allegation, if denied, must be proved on the trial.　Because of the failure of the plaintiff to give this notice, the recovery of attorney's fees was unauthorized.　Leave is given the plaintiff to write off the attorney's fees within ten days after the filing of the remittitur in the court below ; and upon his doing so, the judgment will be affirmed, otherwise a new trial is ordered.

Argued March 8, — Decided March 25, 1905.

Complaint.　Before Judge Taliaferro.　City court of Sandersville. · December 20, 1904.

*T. W. Hardwick, Marion Turner,* and *James K. Hines,* for plaintiffs in error.　*Howard & Jordan,* contra.

EVANS, J.　When this case was here before (119 *Ga.* 876), a new trial was granted, and the rule respecting the measure of damages was indicated.　It is unnecessary to set forth the pleadings, as they are fully stated in the opinion in the reported case.　On the last trial, a verdict was rendered in favor of the plaintiff for $106.73 principal, $17.67 interest, and $12.44 attorney's fees.　A motion for a new trial was made by the defendants, on the usual grounds, and also because of certain errors alleged to have been committed by the judge in his charge on the subject of damages recoverable by the defendants, and as to the right of the plaintiff to recover attorney's fees on the note sued on.　The motion was overruled, and the defendants excepted.

1. The evidence was conflicting, but was sufficient to authorize a verdict against the defendants.　The court charged the jury, that, to defeat the right of the plaintiff to recover, the burden was on the defendants to show not only that they were fraudulently induced to sign the note, but that they suffered actual damages because of the alleged fraudulent representations made by the plaintiff ; that if the defendants sustained any damage as a result of these false representations, they would be entitled to an abatement in price, but not otherwise ; that if they were deceived thereby as to the true value of the insurance agency purchased by them,

and damage resulted to them in consequence, they would be entitled to an abatement in the purchase-price, and the measure of damage would be the difference between the actual value of the agency at the time they bought and what its value would have been if the agency was as represented to be by the seller. The charge is criticised as stating separate and distinct rules as to the measure of damages to be recovered by the defendants in the event they sustained their plea in whole or in part. This criticism is unwarranted. The court properly instructed the jury that only actual damages were recoverable, and the instruction as to the measure of damages was in accord with what was ruled by this court when the case was here before.

2. The note sued on was given subsequently to the act of 1900, prescribing when attorney's fees are recoverable. Van Epps' Code Supp. § 6185. It was neither alleged in the pleadings nor proved on the trial that the holder of the obligation sued on had notified the defendants in writing, ten days before suit was brought, of his intention to bring suit and the term of the court to which the suit would be brought. Before attorney's fees can be recovered on a note executed since the passage of the act of 1900, it must be alleged in the pleadings that the statutory notice has been given, and such allegation, if denied, must be proved on the trial. *Miller v. Georgia R. Bank*, 120 *Ga.* 19. Because of the failure of the plaintiff to give this notice, the recovery of attorney's fees was unauthorized. Direction is given, however, that the plaintiff have leave to write off the attorney's fees within ten days after the filing of the remittitur in the court below, and upon his doing so, the judgment shall stand affirmed; otherwise, a new trial is hereby ordered. Ibid. 17 (4); *Holcomb* v. *Cable Co.*, 119 *Ga.* 467 (7).

*Judgment affirmed, on condition. All the Justices concur.*