*H. B. Moss,* for plaintiffs.

---

## MAYOR AND COUNCIL OF MADISON *v.* SPEARS.

GILBERT, J. Mrs. J. B. Spears filed a petition praying that the Mayor and Council of the City of Madison and the marshal of said city be enjoined from enforcing an execution issued by said municipality against

the plaintiff for the purpose of collecting an assessment made for street-paving. The petition alleged that . the said paving was done without authority of law, and that the municipality had not legally adopted a valid ordinance authorizing the paving and the assessment against the property owners. The defendants insisted. that under the act of the General Assembly approved August 4, 1919 (Ga. Laws 1919, p. 1101), the municipality was not required to adopt an ordinance in the form required= under the charter of the City of Madison, as set out in Ga. Laws 1890-91, vol. 2, pp. 827, 836, and the amendatory act (Ga. L. 1900, pp. 343, 344). The municipality did adopt a resolution, but it is admitted that this resolution was not adopted in the manner and form required under the charter of said city for the adoption of municipal ordinances; it having been passed, without publication, at the meeting when it was introduced. The case proceeded to trial, and a permanent injunction was decreed against the enforcement of the execution by the defendants. The defendants filed a motion for a new trial, which consisted of the general grounds and a ground complaining of the direction of a verdict by the court for the plaintiff. The motion was overruled, and the defendant excepted. It is agreed that the sole and controlling question is whether the resolution adopted by the municipality was equivalent to a valid and binding ordinance which, construed in connection with the act of 1919, authorized the defendant to do the paving and assess the proportionate cost of the same against the plaintiff as an abutting-property owner. The act of 1919 (Ga. Laws, 1919, p. 1101) empowered the Mayor and Council of the City of Madison to adopt an ordinance or ordinances requiring grading and paving or otherwise improving the streets, public alleys, and sidewalks of the city, and to assess two thirds of the cost thereof against abutting-property owners. It further provided that "after the mayor and city council shall adopt an ordinance authorizing the grading, paving, and improvement of the streets," etc., the assessment against the abutting-land owner shall be a lien against the real estate abutting on said street, etc. The charter of the City of Madison, as found in Georgia Laws 1890-91, volume 2, pp. 827, 836, sec. 32, provides as follows: "No law, ordinance, or resolution affecting the interests of said city, or the inhabitants thereof, shall be passed or adopted by the mayor and city council of. Madison, except the same shall have been first formally offered in writing at a regular meeting of said mayor and city council, and after which notice of said proposed law, ordinance, or resolution shall be published once a week for two weeks in some newspaper published in said city, or by posted bills at three or more places in said city, prior to its final adoption, and the same shall not become operative until passed or adopted by .a majority vote of said mayor and city council at a regular meeting subsequent to that at which such law, ordinance or resolution was offered." *Held:*

1. Until the municipality has adopted a valid and binding ordinance for the purpose, as required by the charter, the act of 1919 does not afford authority to the city to assess the cost of paving against the abutting-property owner, as it sought to do in this case.

2. The verdict for the plaintiff was demanded, and the court did not err in so directing.

3. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 4413. NOVEMBER 14, 1924.

Equitable petition. Before Judge Park. Morgan superior court. May 16, 1924.

*E. H. George* and *E. R. Lambert,* for plaintiff in error.

*Anderson & Wood,* contra.