20244, 20313.   MAYOR AND ALDERMEN OF MILLEDGE-
VILLE *v.* JEANES; and *vice versa.*

*Spalding, MacDougald & Sibley, Allen & Pottle, Hines & Car-
penter, Sibley & Sibley, H. H. Hargrett,* for plaintiff.

*Hammond & Kennedy, Frank W. Bell,* for defendant.

Stephens, J.   1.   In an affidavit of illegality to an execution
issued by the authorities of a municipality for the purpose of collect-
ing the cost of paving the street upon which the property levied
upon abuts, where the municipality proceeds under the authority of
an act of the legislature amending its charter, which provides that
the mayor and aldermen of the municipality, before authorizing the
paving of the streets and assessing the cost therefor against the
abutting-property owners, may, by ordinance, zone the city for
paving purposes, and where in the affidavit of illegality it is alleged
that such a zoning ordinance, and an ordinance authorizing and
ordering the paving of the streets within the zone, were passed and
that the property levied on was within the zone, each of which
ordinances, it is alleged, was passed upon designated dates, allega-
tions in the affidavit of illegality that the mayor and aldermen of
the city had not acquired jurisdiction to order the paving in the
street upon which the affiant's property abuts, because "said street
has not *been zoned* as required by the charter" of the city "as a

condition precedent to the paving of the streets" in the city "on the property assessment plan," and that "no *valid ordinance* has been passed by the mayor and aldermen" of the city "to pave said street," and that "no *ordinance* has been passed by the mayor and aldermen" of the city "providing for the paving of the street upon which affiant's property abuts, at the cost of the affiant," are allegations that ordinances providing for the zoning and paving of the street upon which affiant's property abuts were passed, but that the zoning which was done had not been done in accordance with the provisions of the charter of the city, and that the ordinance authorizing and ordering the paving was not valid, in that the paving was not ordered done "at the cost of affiant." These allegations, in failing to allege in what respect the zoning ordinance did not meet the requirements of the charter of the city, are ambiguous and fail to show that the property was not legally zoned. The affidavit of illegality in alleging that the ordinance authorizing and ordering the paving did not "provide for the paving at the cost of the affiant," alleges further that for this reason the affiant did not "have notice that any portion of the cost" of the paving would be "charged against" him, and that he "had no opportunity to object to or prevent the incurring of the indebtedness sought to be collected." Where, by virtue of the provisions of the amendment to the charter of the city, under which the work was done, no valid ordinance authorizing and ordering the paving of a street in the city can be enacted unless notice by publication has been given as prescribed by the charter, it is presumed, in the absence of proof to the contrary, where an ordinance authorizing and ordering the pavement was passed, that the notice required by the charter has been given. Where, as required by the charter of the city, it is mandatory upon the mayor and aldermen of the city, after an ordinance authorizing and ordering the paving has been enacted and advertised as required, and has become final, to let the contract for the paving and to make an assessment of the cost therefor upon property abutting upon the street paved, the publication of the notice of the enactment of the ordinance authorizing and ordering the pavement, although the ordinance does not contain any provision for the assessment of the cost of the paving against the abutting property, is sufficient notice to meet the requirements of due process of law in the proceedings assessing the cost of the paving against the abutting property.

2. The allegations in the affidavit, of illegality that *"no valid assessment* of the cost of paving the street upon which affiant's property abuts has been levied upon or assessed against" affiant's property by the city, where it does not appear wherein the assessment was not valid, whether for the lack of the existence of an ordinance making the assessment, or for the lack of validity of an ordinance making. the assessment, either by reason of some defect in the ordinance itself or by a failure of the municipality to legally order and authorize the pavement, are ambiguous, and fail to show that the assessment was not legally made.

3. The charter of the City of Milledgeville, as contained in an act of the legislature approved December 15, 1900 (Ga. L. 1900, p. 345 et seq.), and as amended by the act approved August 21, 1925 (Ga. L. 1925, p. 1199, §§ 2, 3, 4), authorizes the City of Milledgeville to pave its streets in the manner pointed out in the act, but only after the passage of an ordinance or resolution "providing for the improvement desired," which "shall be passed under the rules providing for the passage of ordinances in said city." The act of 1900, containing the· charter of· Milledgeville, in section 20, as· amended by an act approved August 19, 1916 (Ga. L. 1916, p.. 819), provides that "the Mayor and Aldermen of the City of Milledgeville shall have power and authority to enact such ordinances, from time to time, as they may deem necessary to enforce the provisions of this charter, but no ordinance shall be binding unless it has been read three times; provided that said three readings may be had at one and the same session of the mayor and aldermen of· said city." It is therefore essential to the jurisdiction of the mayor and aldermen of the City of Milledgeville to pave the streets of the city and assess the costs· thereof against abutting property holders that the ordinance or resolution of the mayor and aldermen zoning the city for paving purposes and authorizing and ordering the pavement be, as provided by the charter, "read three times." It appearing from the affidavit of illegality that the ordinances passed by the mayor and aldermen of the City of Milledgeville, zoning the affiant's property for paving purposes and authorizing and ordering that the street abutting affiant's property be paved, were not read three times as required by the charter of the City of Milledgeville as a condition precedent to the validity of the ordinances, the paving of the street abutting

affiant's property was not legally authorized, and the assessment against the affiant's property of the cost of the paving was illegal. Since the mayor and aldermen had no jurisdiction to pass these ordinances, the affiant is not, by reason of having raised no objection to the proceedings until after the street abutting his property had been paved, estopped from asserting their invalidity. *Hall* v. *Macon,* 147 *Ga.* 704 (95 S. E. 248) ; *Mayor &c. of Madison* v. *Spears,* 159 *Ga.* 241 (125 S. E. 380).

4. It was not essential to the validity of an assessment of the cost of street paving against the owner of abutting property that the contract for the paving, which was let by the city authorities, should contain a provision or stipulation that the cost of the paving would be assessed against abutting property owners.

5. The provisions of the act approved August 21, 1925 (Ga. L. 1925, p. 1199), amending the charter of the City of Milledgeville, are not so "vague, indefinite, conflicting, confusing, and inconsistent" that they do not confer upon the mayor and aldermen of the City of Milledgeville the right to make a contract for the paving of streets in the city, and assess the cost therefor against abutting property holders.

6. An allegation in the affidavit of illegality that the enactments of the ordinances zoning affiant's property for paving purposes, and authorizing and ordering the paving, and that the letting of the contract for the work, and the acceptance and approval of the paving after it was laid, were done at called meetings of the mayor and aldermen of the city, of which "no proper" notices had been given to the aldermen by the city, is ambiguous in that it does not appear whether the illegality of the meetings was due to the fact that no notices of them had been given, or to the fact that the notices given were "improper." The affidavit of illegality therefore does not sufficiently allege that any acts of the mayor and aldermen of the city done at any of these called meetings were illegal.

7. That the contract for the work was made and the paving accepted by a body consisting of the mayor and aldermen of the City of Milledgeville, and that one of the aldermen had a pecuniary interest in the contract by reason of being an official, a stockholder, and a representative of a corporation which was surety upon the bond given by the construction company to which had been let the

contract for the work, and that the contract for the paving and the assessment of the cost of paving were illegal for the reason mentioned, does not afford any ground on which an abutting-property holder, without having objected to the alleged invalidity of the contract or the ordinances before the paving had been laid, can avoid payment of an assessment made against him for the paving authorized and laid as a result of the contract and the ordinances referred to. The pecuniary interest of the aldermen not amounting to a jurisdictional defect, and the affiant having failed before the paving was laid to object to the ordinances or the contract as being invalid upon such ground, and it not appearing that the paving was laid without his knowledge, he was estopped from afterwards urging such invalidity as a ground for avoiding payment of the assessment. *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233) ; *Cochran* v. *Thomasville,* 167 *Ga.* 579 (146 S. E. 462).

8. The allegation in the affidavit of illegality, that the paving contract let by the mayor and aldermen of the city was void and unenforceable because the contract created a debt which was not to supply a casual deficiency, and was unenforceable and in violation of article 7, section 7, paragraph 1, of the constitution of Georgia, in that funds had not been provided to pay the cost of the work, is without merit. *City of Bainbridge* v. *Jesler,* 157 *Ga.* 505 (121 S. E. 798, 33 A. L. R. 1406).

9. The foregoing substantially covers all the grounds of the affidavit of illegality which are insisted upon. The court therefore did not err in overruling the demurrer to the grounds of the affidavit of illegality which alleged that an ordinance which zoned the affiant's property, and an ordinance which authorized and ordered the paving of the street abutting the affiant's property, were each passed without having been read three times. None of the other grounds of the affidavit of illegality insisted upon by the affiant show a meritorious defense; and the court did not err in sustaining the demurrer to these grounds of the affidavit of illegality.

*Judgment affirmed on both bills of exceptions. Jenkins, P. J., and Bell, J., concur.*