19558.   WALTON *v.* JOHNSON.

Argued January 16, 1957—Decided February 12, 1957—
Rehearing denied March 13, 1957.

*Jack Broyles*, for plaintiff in error.

*Henry M. Hatcher, Jr., Johnson, Hatcher & Meyerson*, contra.

HEAD, Justice. ■ "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104.

The assignments of error in the bill of exceptions Nos. 1, 3, 4, 5, and 6 were based on the contentions of the defendant in his pleadings, which contentions were wholly unsupported by any testimony for the defendant. The court did not err in directing a verdict for the principal and interest due the plaintiff. See *Blackburn* v. *Woodward*, 128 *Ga.* 226 (57 S. E. 318); *Mayor &c. of Madison* v. *Spears*, 159 *Ga.* 241 (125 S. E. 380); *Bowles* v. *White*, 206 *Ga.* 343 (57 S. E. 2d 187).

■ Ground 2 of the assignments of error in the bill of exceptions is based on the defendant's contention that the principal note of $16,702 may have a charge of interest amounting to usury therein, because $350.07 of past-due interest was a part of the consideration for the note. The note signed by the defendant to the plaintiff was to bear interest at 6 percent per annum. Usury is the taking of, or contracting to take, a greater rate of interest than 8 percent per annum. There is no contention in the assignment of error that the plaintiff collected a greater rate of interest than 8 percent per annum on his debt. The defendant's contention seems to be that, because the sum of $350.07, past-due interest, was included in the note, the transaction was thereby tainted with usury, on his theory that interest can not be collected on interest.

"The charging of interest on these interest notes when they were past due is said to constitute usury, because interest can not be legally exacted on interest. There is no merit in this contention. Liquidated demands bear interest. Code § 57-110. When an obligation to pay interest is put in the form of an interest note, that note becomes a liquidated demand; and when it is not paid at maturity it bears interest as such, certainly if the parties have contracted that it should." *Byrd* v. *Equitable Life Assurance Society*, 185 *Ga.* 628, 640 (196 S. E. 63). The contention that

there was some issue pertaining to usury for consideration by the jury is wholly without merit.

■ The burden was on the plaintiff to show a valid notice to the defendant that attorney's fees as provided by the note would be claimed, pursuant to the provisions of Code § 20-506, as amended by Ga. L. 1946, pp. 761, 766, and Ga. L. 1953, Jan.-Feb. Sess., pp. 545, 546 (Code, Ann. Supp., § 20-506).

It is alleged in paragraph 5 of the petition: "The note of the defendant dated February 3, 1949, being in default, the plaintiff, on the 3rd day of November, 1953, by letter demanded payment and notified the defendant of his intention to file suit for collection of said note including 10% attorneys fees provided therein."

The allegations of the petition are insufficient to meet the requirements of Code § 20-506, as amended. This deficiency in the petition is not met by paragraph 1 of the defendant's answer, admitting the allegations of paragraph 5 of the petition, for the reason that paragraph 5 does not allege a compliance with the statute, either before or after amendment. This court has many times stated the requirements of the statute (§ 20-506) prior to amendment. See *Holcomb* v. *Cable Co.*, 119 *Ga.* 466, 467 (6) (46 S. E. 671); *Pritchard* v. *McCrary*, 122 *Ga.* 606 (50 S. E. 366); *Stocking* v. *Moury*, 128 *Ga.* 414 (57 S. E. 704); *Byrd* v. *Equitable Life Assurance Society*, 185 *Ga.* 628 (5), supra.

"By the terms of Code (Ann. Supp.) § 20-506, attorneys fees, for which provision is made in a promissory note, are not collectible unless it be alleged and proved that after maturity the holder of the note notified the person sought to be bound thereon that he had ten days from the receipt of such notice to pay the principal and interest without attorneys fees; . . ." *Stone* v. *Colonial Credit Co.*, 93 *Ga. App.* 348, 349 (3) (91 S. E. 2d 835).

Because of the failure of the plaintiff to give a proper notice, the recovery of attorney's fees was unauthorized. Leave is given the plaintiff to write off the attorney's fees within ten days after the filing of the remittitur in the court below, and upon his doing so, the judgment will be affirmed; otherwise a new trial is ordered. See *Pritchard* v. *McCrary*, supra.

The defendant having procured a substantial revision of the judgment against him (or a reversal of the judgment, if the direc-

tion given is not complied with), it is directed that the costs of the appeal be paid by the plaintiff.

*Judgment affirmed, on condition. All the Justices concur.*