In re EAST SIDE INVESTORS.

Monty M. MILLS, Dr. Patrick Yancey, Beverlee Soloff, Milt Bush, Irving Schiff, Dr. Hiram Sturm, Harry Friedman and Ann Friedman,

v.

EAST SIDE INVESTORS.

Bankruptcy No. B78–2831A.
Civ. A. No. C80–1264A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 15, 1980.

---

Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for plaintiffs/appellants.

Cofer, Beauchamp & Hawes, Atlanta, Ga., for defendant/appellee.

## ORDER

TIDWELL, District Judge.

The above–styled matter is presently before the court on appeal from the bankruptcy court's determination that appellants are not entitled to attorney's fees. The relevant facts of the case are as follows. The debtor, a partnership, is the owner of real estate on which an apartment project is located. The appellants are holders of three promissory notes executed by the debtor, each of which contain a clause which states as follows: "Should this Note, or any part of indebtedness evidenced hereby, be collected by law or through an attorney--at law, the holder shall be entitled to collect attorney's fees in an amount equal to ten (10) percent of the principal and interest, and all costs of collection." In conjunction with these notes, the appellants obtained a deed to secure debt on the real property in question.

Eventually, the debtor defaulted on the three notes held by appellants. In a letter dated August 10, 1978, the appellants informed the debtor that it was in default and that appellants had elected to accelerate the unpaid balance of the debt. The appellants also gave notice in the letter of their intention to enforce the provision in the notes concerning attorney's fees and of the 10–day period of time after receipt of the letter within which liability for attorney's fees could be avoided by payment of the debt in full.

After the 10–day period had elapsed without payment by the debtor, the appellant initiated a non–judicial foreclosure on the property securing the notes. On November 7, 1978, the debtor filed a petition under Chapter XII of the Bankruptcy Act, imposing an automatic stay on the appellants' efforts to foreclose. During the course of the bankruptcy proceeding, the appellants filed one complaint seeking modification of the stay to enable appellants to enforce the deed to secure debt through foreclosure and another complaint seeking sequestration of rent. In response, the debtor filed a counterclaim which was construed by the bankruptcy court to be seeking the adjudication of the validity, priority and extent of the plaintiffs' liens on the debtor's property. Subsequently, the appellants voluntarily dismissed their complaint seeking modification of stay and entered into a consent order and judgment determining the priority and amount of appellants' lien on the debtor's property. Al-

though the debt remains unpaid at the present, the debtor contends that it will be paid under a proposed plan for arrangement under Chapter XII of the Bankruptcy Act.

The consent judgment, however, did not dispose of the issue of the appellants' right to attorney's fees. With respect to the question of attorney's fees, the parties stipulated facts and appellants moved for summary judgment contending that they were entitled to attorney's fees under *Ga.Code Ann.* § 20–506 and that the obligation for attorney's fees was provable under the Bankruptcy Act. Although the Bankruptcy Court agreed with the appellants that a rightful claim to attorney's fees is allowable, the court concluded that the appellants were not entitled to payment of attorney's fees under section 20–506 since there had been no actual collection of the debt. The appellants presently bring this appeal agreeing with the Bankruptcy Court's conclusion as to the allowability of attorney's fees but asserting that the bankruptcy judge was incorrect in concluding that the requirements of section 20–506 were not satisfied and that the appellants were not entitled to attorney's fees.

■ It is well–established that the right to attorney's fees is a matter of state law. *Security Mortgage Co. v. Powers*, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928); *In Re Atlanta International Raceway, Inc.*, 513 F.2d 546 (5th Cir. 1975); *National Acceptance Co. v. Zusmann*, 379 F.2d 351 (5th Cir. 1967). Under Georgia law, the right to attorney's fees is controlled by the provisions of *Ga.Code Ann.* § 20–506 which reads in its relevant part as follows:

> Obligation to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note or other evidence of indebtedness be *collected by or through an attorney* after maturity, subject to the following provisions:
>
> .    .    .    .    .
>
> (c) The holder of the note or other evidence of indebtedness, or his attorney

at law, shall, after maturity of the obligation, notify in writing the maker, indorser or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, indorser or party sought to be held on said obligation has 10 days from the receipt of such notice to pay the principal and interest without the attorney's fees. If the maker, indorser or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of the debtor to accept delivery of the notice hereinbefore specified shall be the equivalent of such notice. (emphasis added).

In construing this section, the Georgia courts have uniformly stated that the obligation to pay attorney's fees is only a contingent liability and the debtor is not bound to pay such fees until there is full compliance with conditions precedent stated in the statute. *Strickland v. Williams* 215 Ga. 175, 109 S.E.2d 761 (1959); *Holt v. Rickett*, 143 Ga.App. 337, 238 S.E.2d 706 (1977). Included within the list of conditions precedent imposed by the statute are the following requirements: (1) the contract must include an obligation to pay attorney's fees; (2) the debt must have matured; (3) notice must be given to the debtor informing him that he has ten days within receipt to pay the debt in order to avoid attorney's fees; (4) the ten–day period must expire without payment of principal and interest in full; and (5) the debt must be collected by or through an attorney. *General Electric Credit Corporation of Georgia v. Brooks*, 242 Ga. 109, 249 S.E.2d 596 (1978).

■ In the instant case, there is no dispute as to the inclusion of the provision in the debt instrument, maturity, notice or the failure to pay. The precise issue before the court is whether appellants satisfied the condition that the debt be collected "by or through an attorney" within the meaning of *Ga.Code Ann.* § 20–506. In interpreting

this phrase, the appellants contend that by placing the debt in the hands of an attorney, notifying the debtor of the ten–day period after which no payment was made and initiating foreclosure proceedings, the collection requirement of section 20-506 has beenf ulfilled. The debtor contends, as the Bankruptcy Court concluded, that there must be actual collection of the debt "by or through an attorney" prior to the filing of bankrupcty on order to satisfy the conditions of the statute.

Under Georgia law, if is not entirely clear what constitutes collection "by or through an attorney." By virtue of its wording alone, the phrase would seem simply to require that the creditor place the matter in the hands of an attorney and that the attorney subsequently take action to enforce the debt. However, the extent to which an attorney must pursue the satisfaction of the debt in order to fulfill the condition is not well defined. In instances where federal courts have interpreted this phrase in the context of bankruptcy, though, the case law indicates that an attorney's participation is sufficient to satisfy the condition where the attorney has completed efforts to satisfy the ten–day notice requirement prior to bankruptcy. *In Re Candler* B74–2121A (N.D.Ga.Dec. 7, 1976).

In the present case, the creditor turned the debt over to an attorney for collection. The attorney issued the appropriate letter of notice, providing the debtor with an opportunity to avoid the payment of attorney's fees by voluntarily satisfying the debt within 10 days. After the ten–day period expired without payment, the attorney proceeded with the appropriate foreclosure actions and pursued the action until the point of bankruptcy. In view of the facts in this case, the court concludes that the attorney's efforts to enforce the debt were sufficient to satisfy the condition that collection be "by or through an attorney" and that the appellants are entitled to attorney's fees. Having concluded that the condition of collection "by or through an attorney" was satisfied prior to the commencement of bankruptcy, it is clear the debt was fixed rather than contingent at the time of filing and, therefore, a provable debt for the purpose of the Chapter XII proceeding.

## SUMMARY

The ruling of the bankruptcy court is reversed in part as to that court's conclusion that the appellant is not entitled to recover attorney's fees. The ruling of the bankruptcy court is affirmed as to the conclusion that the claim for attorney's fees is a provable debt in bankruptcy. Accordingly, the court directs the Bankruptcy Court to grant appellant's motion for summary judgment in accordance with this order.