PACIFIC MUTUAL LIFE INSURANCE COMPANY, Plaintiff–Appellant,

v.

John J. WISE, Defendant–Appellee.

Nos. 88–8418, 88–8762
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1989.

Palmer H. Ansley, Long, Weinberg, Ansley & Wheeler, David A. Sapp, Robin Lynn Peek, Atlanta, Ga., for Pacific Mut. Life Ins. Co.

Grant T. Stein, Alston & Bird, Benjamin F. Johnson, III, Atlanta, Ga., for Wise.

Before ANDERSON, CLARK and COX, Circuit Judges.

PER CURIAM:

In this consolidated appeal, John J. Wise appeals the district court's grant of summary judgment in favor of Pacific Mutual Life Insurance Company. In addition, Pacific Mutual appeals the denial of its request for attorney's fees. For the reasons stated below we affirm the district court's grant of summary judgment, reverse the denial of attorney's fees, and remand the case with instructions to enter an attorney's fees award to Pacific Mutual in accordance with O.C.G.A. § 13–1–11.

## FACTS

In May 1985 the appellant, John J. Wise, acting as sole general partner of Dunwoody Village Office Center, Ltd. (Dunwoody Village) executed a real estate note in the original principal amount of $5,100,-000 whereby Dunwoody Village agreed to pay Pacific Mutual any and all amounts due thereunder. At the same time, Wise executed and delivered a certain guaranty of payment whereby he promised to pay Pacific Mutual any amounts outstanding in the event Dunwoody Village failed to make payments according to the terms of the note. Dunwoody Village subsequently defaulted in making payments under the terms of the note and on August 5, 1987, Pacific Mutual accelerated the note. Shortly thereafter, Pacific Mutual filed a complaint against Wise alleging that under the terms of the guaranty Wise obligated to pay all amounts due Pacific Mutual as provided in the note.

In the district court, Pacific Mutual moved for summary judgment against Wise asking for an order directing Wise to pay the principal, interest, costs, and attorney's fees associated with the note. The district court granted the motion, but specifically left open the question as to the amount of attorney's fees that Pacific Mutual was entitled to receive. (R1–16–11). The order directed Pacific Mutual to submit

"a bill of costs and other such proofs and memoranda as will justify the claim for attorney's fees as well as that for 'cost of collection'." In response, Pacific Mutual filed a brief stating it was entitled to attorney's fees in an amount calculated according to the provisions of O.C.G.A. § 13–1–11. (R1–18–1, R1–20–1). Thereafter, the district court denied Pacific Mutual's request for attorney's fees. Both sides appeal.

## DISCUSSION

The parties each appeal a portion of the district court's order. We will address both of these appeals in turn.

### I. Summary Judgment

Wise does not contest the fact that he defaulted on his payments to Pacific Mutual. Rather, he contends that the note and the guaranty that he signed contain an ambiguity as to Pacific Mutual's recourse against Wise. Because of this ambiguity, Wise argues that parol evidence should have been admitted to show that, in the event of default, Pacific Mutual was required to exhaust the collateral before proceeding against Wise. This argument is without merit and we adopt the well reasoned opinion of the district court in the disposition of this claim.

### II. Statutory Attorney's Fees

Pacific Mutual claims that the district court erred in declining to award Pacific Mutual attorney's fees of $637,058.22 pursuant to O.C.G.A. § 13–1–11. Pacific Mutual argues that the award and its amount is fixed by statute and cannot be altered by the court. Wise counters that the award of attorney's fees is discretionary and where, as in this case, a party violates a court order to submit a bill of costs and other evidence of fees actually incurred, the court acted properly in denying attorney's fees altogether.

Section 13–1–11 of the Official Code of Georgia Annotated provides that obligations to pay attorney's fees upon any note or other evidence of indebtedness shall be valid and enforceable. This section further states that if the note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal, such obligation shall be valid and enforceable as long as the percentage specified does not exceed fifteen percent. Finally, if the note provides for the payment of reasonable attorney's fees without specifying a particular percent, this provision shall be construed so as to allow, as attorney's fees, fifteen percent of the first $500.00 of the principal and interest owing on the debt and ten percent of the amount in excess of $500.00.

Paragraph nine of the guaranty signed by Wise contains an explicit provision providing for the payment of reasonable attorney's fees incurred in the enforcement of the guaranty:

Guarantor agrees to pay a reasonable attorney's fee and all other costs and expenses which may be incurred by Pacific Mutual in the enforcement of this Guaranty.

Wise argues that the word "incurred" limits the attorney's fees in this case to those actually incurred by Pacific Mutual. Although this argument has appeal in face of the unconscionably high fees that § 13–1–11 allows in this case, we must reject this contention. Georgia law is clear that a provision for reasonable attorney's fees in a note or other evidence of indebtedness must contain a specific percent or the amount will be calculated using the percentages of § 13–1–11. *See, e.g., National Acceptance Co. v. Zusmann*, 379 F.2d 351 (5th Cir.1967) (statutory percentages applied where agreement provided that "if holder hereof shall incur or pay any attorney's fees ..., such attorney's fees shall be made a further charge ..."); *Goldstein v. Ipswich Hosiery Co.*, 104 Ga.App. 500, 122 S.E.2d 339, 347 (1961) (statutory percentages applied where agreement provided that defendant agreed "to pay [plaintiff's] reasonable costs and expenses, including attorney's fees, on the amount then due ..., as may be incurred ... on collecting under or enforcing this agreement"); *Hinton, Inc. v. Institutional Investors Trust*, 133 Ga.App. 364, 211 S.E.2d 169 (1974) (statutory percentages applied where agreement provided party would "pay all costs of collection when incurred, including reasonable attorney's fees").

As long as the guaranty in this case falls within the purview of O.C.G.A. § 13–1–11, the amount of attorney's fees to which Pacific Mutual is entitled is purely a matter of mathematical calculation. The district court found that Pacific Mutual took all necessary steps under O.C.G.A. § 13–1–11. (D.Ct. Order at 11). Although we agree with the district court that § 13–1–11 entitles Pacific Mutual to grossly excessive attorney's fees, we have no choice but to follow the statutory dictates of the statute. As we stated in *United States v. Allen*, 699 F.2d 1117, 1123 (11th Cir.1983):

> We concede that the attorney's modest efforts hardly justify such a large award. This, however, is not the issue on appeal. The validity of the law is not challenged. We are concerned merely with its application. Georgia law allows the assessment of such disproportionate fees if the formal statutory requirements are met.

Thus, the amount of attorney's fees to which Pacific Mutual is entitled derives purely from a mechanical application of the statute and we remand the case to the district court with instructions to enter an attorney's fees award in favor of Pacific Mutual in the amount anticipated by § 13–1–11.

AFFIRMED in part, REVERSED in part and REMANDED.