64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ALCO CAPITAL RESOURCE, INC., Plaintiff-Appellee,
v.
PICTURE IT, INC., a California corporation, Defendant,
and
Rodney CATALANO, an individual, Defendant-Appellant.
 No. 94-4127.
(D.C.No. 92-CV-852)
 United States Court of Appeals, Tenth Circuit.
 Filed July 28, 1995.
 
 Before BRORBY, KELLY and HENRY, Circuit Judges.
 
 AMENDED ORDER AND JUDGMENT[1]
 
 1
 Defendant-appellant Rodney Catalano appeals from the district court's grant of summary judgment in favor of Plaintiff-appellee Alco Capital Resource, Inc. (Alco), and from the district court's award of damages and attorneys fees to Alco. Our jurisdiction arises pursuant to 28 U.S.C. 1291, and we affirm in part and reverse in part.
 
 Background
 
 2
 Alco moved for summary judgment in its action seeking to collect delinquent lease payments from Mr. Catalano, who had personally guaranteed payment on various leases between Alco and Picture It, Inc. Mr. Catalano argued that the leases at issue were actually security agreements governed by Article 9 of the Uniform Commercial Code (UCC), and as such, Alco's damage calculations were in error. Disagreeing with Mr. Catalano's characterization, the district court ruled that, under applicable Georgia law, the lease agreements were not security agreements governed by the UCC, and that Alco was entitled to judgment in the amount of $42,387.73.
 
 Discussion
 
 3
 We review the grant of summary judgment de novo, applying the same legal standard utilized by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995); see also, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986). "In applying this standard, we construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 A. Characterizing the Agreements
 
 4
 We agree with the district court's conclusion that the agreements between Alco and Picture It are in fact leases and not security agreements. Georgia law applicable at the time of the leases' 1991 execution provided:
 
 
 5
 Whether a lease is intended as security is to be determined by the facts of each case; however (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does not make the lease one intended for security.
 
 
 6
 Ga.Code Ann. 11-1-207(37) (1990). It is clear from the language of this statute, and from case law interpreting it that, while perhaps not determinative, the question of which party owns the property is an essential element in distinguishing between a lease and a security agreement. See Tri-Continental Leasing Corp. v. Charles Beall & Co., 709 F.Supp. 218, 220 (N.D.Ga.1989); Ford v. Rollins Protective Servs. Co., 322 S.E.2d 62, 64 (Ga.Ct.App.1984); In re Atlanta Times, Inc., 259 F.Supp. 820, 827 (N.D.Ga.1966), aff'd, 383 F.2d 606 (5th Cir.1967). When, as in the present case, the lessor continues to own the leased goods, and the lessee has no option to acquire ownership, the agreement is a lease. Id.
 
 
 7
 The intent of the parties, as evidenced by the language of these complete and unambiguous agreements, does not contradict our conclusion. See Tri-Continental Leasing, 709 F.Supp. at 220 (necessary factor in classifying agreement is intent of parties, which may be determined from language of unambiguous document). We agree with the district court that the parol evidence rule operates to bar the admission of additional documents suggesting that the agreements were in the nature of conditional sales. See Chapman v. Avco Financial Serv. Leasing Co., 387 S.E.2d 391, 393 (Ga.Ct.App.1989) (lease containing integration clause may not be varied by parol evidence); Taylor Freezer Sales Co. v. Hydrick, 227 S.E.2d 494, 497 (Ga.Ct.App.1976) ("[p]rior and contemporaneous statements and agreements cannot be shown to vary, contradict or change the terms of a valid written contract purporting on its face to contain all the terms of an agreement between [the] parties").
 
 B. Damages
 
 8
 Mr. Catalano next contends that the district court erred by awarding $31,290.07 in damages to Alco. He argues that:
 
 
 9
 (1) inconsistencies apparent on the face of affidavits accompanying Alco's motion should have precluded summary judgment on the issue of damages; and (2) the district court failed to consider the impact of Alco's alleged duty to mitigate damages.
 
 
 10
 Unfortunately, Mr. Catalano has neglected to buttress these arguments with sufficient supporting facts. "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e) (emphasis added)). Simply put, Mr. Catalano's assertions by affidavit about the shortcomings of Alco's damage calculations do not suffice to create a genuine issue as to any material fact. In his affidavit, Mr. Catalano contends that (1) a variation exists between the proceeds obtained by Alco on resale versus release of the copiers; and (2) that, if given prior notice of the proposed resales or releases, Mr. Catalano would have taken steps to help prevent Alco from realizing deficiencies. Although we view the evidence in a light most favorable to the nonmovant, it is not enough that the nonmovant's evidence be "merely colorable" or anything short of "significantly probative." Anderson, 477 U.S. at 249-50. See also Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.' ") (citing First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). Alco was not required to provide evidence negating the assertions in Mr. Catalano's affidavit. See Celotex, 477 U.S. at 323. Summary judgment on the issue of damages was entirely appropriate.
 
 C. Attorney's Fees
 
 11
 Mr. Catalano challenges the $11,097.66 in attorney's fees awarded to Alco by the district court on two separate legal grounds. First, Mr. Catalano contends that the lease agreements did not authorize Alco to seek attorney's fees from him as a guarantor. Second, Mr. Catalano argues, that even if he were liable for such fees, Alco has failed to comply with the notice provisions of Ga.Code Ann. 13-1-11(a)(3), and so is barred from recovery. Because we find the second argument dispositive, we need not address the first.
 
 
 12
 The district court held that because Ga.Code Ann. 13-1-11(a)(3) was "merely a procedural prerequisite to obtaining a fee award in Georgia," Alco's admitted noncompliance with this provision did not preclude awarding it attorney's fees in a federal action. We disagree both with the district court's characterization of 13-1-11(a)(3), and with its ultimate conclusion regarding Alco's ability to recover such fees.
 
 
 13
 Both the statutory framework and relevant case law indicate that 13-1-11(a)(3) is a necessary and indivisible part of 13-1-11, a state statute that creates a substantive obligation to pay attorney's fees upon notes or other forms of debt, when collected by or through an attorney after the debt has matured. See Ga.Code Ann. 13-1-11(a). Three subsections set forth various conditions on this obligation, such as the amount of fees recoverable, (a)(1) and (a)(2), and the requirement that the holder of the obligation provide the debtor notice in order to give the latter the opportunity to cure the debt and avoid having to pay the debtholder's attorney's fees, (a)(3). See United States v. Allen, 699 F.2d 1117, 1119-20 (11th Cir.1983). Other federal courts, when faced with cases governed by Georgia law, have treated these conditions as mandatory and part of the substantive obligation itself, and so have included them in their consideration of whether attorney's fees are recoverable under 13-1-11(a). See, e.g., Pacific Mut. Life Ins. Co. v. Wise, 878 F.2d 1398, 1399-1400 (11th Cir.1989) (examining amount of fees); Allen, 699 F.2d at 1119-20; In re East Side Investors, 7 B.R. 515, 517 (N.D.Ga.1980) (liability for attorney's fees contingent upon full compliance with conditions of 13-1-11's predecessor provision), aff'd, 694 F.2d 242, 244 (11th Cir.1982). Accordingly, we shall do the same.
 
 
 14
 In his opposition to summary judgment, Mr. Catalano argued that Alco failed to comply with the notice requirements of 13-1-11(a)(3). The burden of proving compliance with (a)(3) rests with the party seeking attorney's fees. See Walton v. Johnson, 97 S.E.2d 310, 312-13 (Ga.1957); Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc., 270 S.E.2d 696, 699-700 (Ga.Ct.App.1980); Citizens & S. Nat'l Bank v. Bougas, 256 S.E.2d 37, 41 (Ga.Ct.App.1979), rev'd in part on other grounds, 265 S.E.2d 562 (Ga.1980). Nothing indicates that Alco provided such notice. Alco having failed to show otherwise, we conclude that it failed to comply with the requirements of (a)(3), and thus Alco may not recover attorney's fees. See Walton, 97 S.E.2d at 313 (when plaintiff fails to give proper notice, recovery of attorney's fees is unauthorized). On remand, the district court shall vacate the award of attorney's fees.
 
 
 15
 AFFIRMED in part; REVERSED in part, and REMANDED.
 
 ORDER AND JUDGMENT[2]
 
 16
 Defendant-appellant Rodney Catalano appeals from the district court's grant of summary judgment in favor of Plaintiff-appellee Alco Capital Resource, Inc. (Alco), and from the district court's award of damages and attorneys fees to Alco. Our jurisdiction arises pursuant to 28 U.S.C. 1291, and we affirm in part and reverse in part.
 
 Background
 
 17
 Alco moved for summary judgment in its action seeking to collect delinquent lease payments from Mr. Catalano, who had personally guaranteed payment on various leases between Alco and Picture It, Inc. Mr. Catalano argued that the leases at issue were actually security agreements governed by Article 9 of the Uniform Commercial Code (UCC), and as such, Alco's damage calculations were in error. Disagreeing with Mr. Catalano's characterization, the district court ruled that, under applicable Georgia law, the lease agreements were not security agreements governed by the UCC, and that Alco was entitled to judgment in the amount of $42,387.73.
 
 Discussion
 
 18
 We review the grant of summary judgment de novo, applying the same legal standard utilized by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995); see also, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986). "In applying this standard, we construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 A. Characterizing the Agreements
 
 19
 We agree with the district court's conclusion that the agreements between Alco and Picture It are in fact leases and not security agreements. Georgia law applicable at the time of the leases' 1991 execution provided:
 
 
 20
 Whether a lease is intended as security is to be determined by the facts of each case; however (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does not make the lease one intended for security.
 
 
 21
 Ga.Code Ann. 11-1-207(37) (1990). It is clear from the language of this statute, and from case law interpreting it that, while perhaps not determinative, the question of which party owns the property is an essential element in distinguishing between a lease and a security agreement. See Tri-Continental Leasing Corp. v. Charles Beall & Co., 709 F.Supp. 218, 220 (N.D.Ga.1989); Ford v. Rollins Protective Servs. Co., 322 S.E.2d 62, 64 (Ga.Ct.App.1984); In re Atlanta Times, Inc., 259 F.Supp. 820, 827 (N.D.Ga.1966), aff'd, 383 F.2d 606 (5th Cir.1967). When, as in the present case, the lessor continues to own the leased goods, and the lessee has no option to acquire ownership, the agreement is a lease. Id.
 
 
 22
 The intent of the parties, as evidenced by the language of these complete and unambiguous agreements, does not contradict our conclusion. See Tri-Continental Leasing, 709 F.Supp. at 220 (necessary factor in classifying agreement is intent of parties, which may be determined from language of unambiguous document). We agree with the district court that the parol evidence rule operates to bar the admission of additional documents suggesting that the agreements were in the nature of conditional sales. See Chapman v. Avco Financial Serv. Leasing Co., 387 S.E.2d 391, 393 (Ga.Ct.App.1989) (lease containing integration clause may not be varied by parol evidence); Taylor Freezer Sales Co. v. Hydrick, 227 S.E.2d 494, 497 (Ga.Ct.App.1976) ("[p]rior and contemporaneous statements and agreements cannot be shown to vary, contradict or change the terms of a valid written contract purporting on its face to contain all the terms of an agreement between [the] parties").
 
 B. Damages
 
 23
 Mr. Catalano next contends that the district court erred by awarding $31,290.07 in damages to Alco. He argues that:
 
 
 24
 (1) inconsistencies apparent on the face of affidavits accompanying Alco's motion should have precluded summary judgment on the issue of damages; and (2) the district court failed to consider the impact of Alco's alleged duty to mitigate damages.
 
 
 25
 Unfortunately, however, the lack of an adequate appendix prevents us from reviewing this issue. Mr. Catalano has neglected to include Alco's motion for summary judgment and his own opposition to this motion and exhibits thereto. In opposing a summary judgment motion, "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)). "Thus, when a movant claims that there is no genuine issue for trial because a material fact is undisputed, the nonmovant must do more than refer to allegations of counsel contained in a brief to withstand summary judgment. Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992) (citations omitted)
 
 
 26
 Obviously, when we are reviewing a district court's grant of summary judgment because the appellant alleges that there remain genuine issues of material fact, such evidence is vital to our consideration. Necessarily, we must have a proper record before us. It is the appellant's responsibility to provide this record on appeal. Fed. R.App. P. 10(b)(2); Yarrington v. Davies, 992 F.2d 1077, 1080 (10th Cir.1993). Counsel must "see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility." King v. Unocal Corp., No. 94-7081, 1995 WL 386012 (10th Cir. June 30, 1995); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992). The record before us does not contain the "relevant portions of briefs, memoranda, affidavits, depositions, and other documents filed in support of, or in opposition to a [summary judgment motion]" to allow us to consider whether there exists any genuine issue of material fact regarding any alleged inconsistencies in Alco's affidavits. 10th Cir. R. 10.3.2(b). As to Alco's alleged duty to mitigate, even if such a duty exists, Catalano has failed to include in his appendix any sort of factual evidence to support this claim. If the Appellant has not submitted a proper record, we refuse to go about the task of making one for him.
 
 C. Attorney's Fees
 
 27
 Mr. Catalano challenges the $11,097.66 in attorney's fees awarded to Alco by the district court on two separate legal grounds. First, Mr. Catalano contends that the lease agreements did not authorize Alco to seek attorney's fees from him as a guarantor. Second, Mr. Catalano argues, that even if he were liable for such fees, Alco has failed to comply with the notice provisions of Ga.Code Ann. 13-1-11(a)(3), and so is barred from recovery. Because we find the second argument dispositive, we need not address the first.
 
 
 28
 The district court held that because Ga.Code Ann. 13-1-11(a)(3) was "merely a procedural prerequisite to obtaining a fee award in Georgia," Alco's admitted noncompliance with this provision did not preclude awarding it attorney's fees in a federal action. We disagree both with the district court's characterization of 13-1-11(a)(3), and with its ultimate conclusion regarding Alco's ability to recover such fees.
 
 
 29
 Both the statutory framework and relevant case law indicate that 13-1-11(a)(3) is a necessary and indivisible part of 13-1-11, a state statute that creates a substantive obligation to pay attorney's fees upon notes or other forms of debt, when collected by or through an attorney after the debt has matured. See Ga.Code Ann. 13-1-11(a). Three subsections set forth various conditions on this obligation, such as the amount of fees recoverable, (a)(1) and (a)(2), and the requirement that the holder of the obligation provide the debtor notice in order to give the latter the opportunity to cure the debt and avoid having to pay the debtholder's attorney's fees, (a)(3). See United States v. Allen, 699 F.2d 1117, 1119-20 (11th Cir.1983). Other federal courts, when faced with cases governed by Georgia law, have treated these conditions as mandatory and part of the substantive obligation itself, and so have included them in their consideration of whether attorney's fees are recoverable under 13-1-11(a). See, e.g., Pacific Mut. Life Ins. Co. v. Wise, 878 F.2d 1398, 1399-1400 (11th Cir.1989) (examining amount of fees); Allen, 699 F.2d at 1119-20; In re East Side Investors, 7 B.R. 515, 517 (N.D.Ga.1980) (liability for attorney's fees contingent upon full compliance with conditions of 13-1-11's predecessor provision), aff'd, 694 F.2d 242, 244 (11th Cir.1982). Accordingly, we shall do the same.
 
 
 30
 In his opposition to summary judgment, Mr. Catalano argued that Alco failed to comply with the notice requirements of 13-1-11(a)(3). The burden of proving compliance with (a)(3) rests with the party seeking attorney's fees. See Walton v. Johnson, 97 S.E.2d 310, 312-13 (Ga.1957); Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc., 270 S.E.2d 696, 699-700 (Ga.Ct.App.1980); Citizens & S. Nat'l Bank v. Bougas, 256 S.E.2d 37, 41 (Ga.Ct.App.1979), rev'd in part on other grounds, 265 S.E.2d 562 (Ga.1980). Nothing indicates that Alco provided such notice. Alco having failed to show otherwise, we conclude that it failed to comply with the requirements of (a)(3), and thus Alco may not recover attorney's fees. See Walton, 97 S.E.2d at 313 (when plaintiff fails to give proper notice, recovery of attorney's fees is unauthorized). On remand, the district court shall vacate the award of attorney's fees.
 
 
 31
 AFFIRMED in part; REVERSED in part, and REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470